PATTERSON v. VAIL ET AL.

1. **Highway:** OBSTRUCTION OF. To obstruct a highway it is not necessary that it be rendered impassable, and trees which stand therein in such positions as to interfere with travel should be removed by the road supervisor.

2. ———: ———: MANDAMUS. If the supervisor shall fail to remove such obstructions, mandamus is the appropriate action for compelling him to perform his duty.

*Appeal from Davis District Court.*

FRIDAY, APRIL 21.

THIS is an action of mandamus to compel the defendant, Thomas Vail, who is road supervisor, to remove certain trees

standing near the center of a highway, which are claimed to be an obstruction to travel.

The answer admits that the trees stand near the center of the highway, but denies that they are an obstruction to travel.

The cause was tried by the court, who found for the defendants, and entered judgment against plaintiff for costs.

Plaintiff appeals. The material facts are stated in the opinion.

*Traverse & Eichelberger* and *Trimble & Carruthers,* for appellant.

The road supervisor is bound to keep in repair the roads within his district and remove all obstructions. (*The State v. Berry,* 12 Iowa, 59.) Men have no right to use the highway, except in such a manner as does not obstruct its use by the public. (2 Bish. Cr. Law, § 1242; Angell on Highways, § 226; *Com. v. King,* 13 Met., 118.) It is a nuisance to suffer the highway to be incommoded by overhanging trees. (2 Bish. Cr. Law, § 1241.) At common law anything which incommodes or impedes the lawful use of a highway by the public is a nuisance. (Angell on Highways, § 226, note 3.) A writ of mandamus will issue to compel road supervisors to remove obstructions and open highways. (*People v. Collins,* 19 Wend., 56; *People v. Com., etc.,* 1 Cow., 23; *Ex parte* Sanders, 4 Id., 544.)

*M. H. Jones* and *J. B. Weaver,* for appellees.

It is the policy of the law to encourage tree planting and the courts have interposed to restrain the destruction of trees in the public highway. (*Bliss v. Belknap,* 36 Iowa, 572.) The owner of land appropriated for a highway still retains his property in the trees for every purpose not incompatible with the public right of way. (*Phifer v. Cox,* 21 Ohio St., 248.) The right of abatement does not go to the extent of justifying the removal of every encroachment upon the highway, unless such encroachment at the same time obstructs its use. (Angell on Highways, § 274; *Hopkins v. Crombie,* 4 N. H., 520.) The

courts have uniformly denied the writ of mandamus where the applicant had a plain, speedy and adequate remedy at law. (*Olmstead v. Supervisors, etc.*, 24 Iowa, 34.)

DAY, J.—The admissions in the answer, and the testimony, show the following facts:

The defendant, Thomas Vail, is the duly elected and qualified road supervisor of the district in which the road in question is situated. The defendant, Doyle, owns the land in front of which stand the trees complained of. There is a duly established highway, thirty-three feet in width, over the ground referred to in the petition. In this highway stand thirteen trees, occupying a space lengthwise of the road of a little more than nineteen rods, and all standing north of the center of the road. Of twelve of these trees the one nearest is one foot from the center, and the one most remote is five feet and three inches from the center. The thirteenth tree stands fifteen feet and four inches from the center of the road. These trees are of walnut and cottonwood, and are from four to eight inches in diameter.

The five trees which stand farthest from the center of the road had been planted the fall before Doyle moved upon the adjoining premises. Doyle planted the others to make a windbreak for his orchard. The plaintiff owns property and resides near the highway in question, and he duly notified the defendant, Vail, to cut down and remove the trees, which, after reasonable notice, he did not do, and does not intend to do. The travel has always gone on the south side of these trees. From the tree nearest the center of the road the distance is twelve feet and ten inches to the inside corners of the fence on the south side of the road. At both the east and west ends of the trees are swales or draws, which become very muddy, and which can be made a good road only by grading and constructing ditches on the sides. To enable teams to pass conveniently requires a space of about sixteen feet. Upon two occasions, when wagons were attempting to pass south of these trees, the hubs hitched, and the drivers were obliged to get out, and lift their wagons around in order to pass. Upon two other

occasions parties experienced great difficulty in passing though with a "header," and one of them was obliged to take the fence down in two or three places.

Section 993 of the Code provides that "the supervisor shall remove obstructions in the highways, caused by fences or 1. HIGHWAY: otherwise." We think these trees, with the excep-
obstruction
of. tion of the one standing most remote from the center of the road, are an obstruction, and that they should be removed. To obstruct a highway it is not necessary that it should be rendered impassable. An obstruction is an obstacle, an impediment, a hinderance, that which impedes progress. See *Neff v. Paddock*, 26 Wiconsin 546; *Commonwealth v. Wilkinson*, 16 Pick., 175; *State v. Mobile*, 5 Port. (Ala.), 279.

The evidence shows that these trees have in fact impeded progress along the highway, and occasioned inconvenience and delay. The Revision, section 820, requires State and county roads to be sixty-six feet in width, but allows the width for good reasons to. be reduced to thirty-three feet. The Code, section 921, establishes the width of highways at sixty-six feet, but authorizes the board of supervisors, for good reasons, to fix the width at not less that forty feet. The road in question is of the narrowest width permissible at the time it was established, and seven feet narrower than the narrowest width now allowable. The practical effect of the row of trees in question is to reduce this width almost one-half. If this can be allowed in the present case, then every one residing on a highway may plant a row of trees near the center, and thus the provisions of the law establishing the width of highways may be ignored and defeated.

II. Mandamus is the appropriate remedy. The duty of removing obstructions from highways is enjoined upon road 2. ――― : ― : supervisors. Code, section 993. The action of
mandamus. mandamus is brought to obtain an order commanding an inferior tribunal, board, corporation or person to do an act, the performance of which the law enjoins as a duty resulting from an office, trust or station. Code, Sec. 3373. See *Larkin et al v. Harris*, 36 Iowa, 93; *People v. Collins*, 19

Wend., 56; *People v. Commissioners of Salem,* 1 Cowen, 23;. *People v. Vail,* 1 Cowen, 589; *Ex parte* Sanders, 4 Cowen, 544.;

REVERSED.