## FREEMAN ET AL. *v.* MATLOCK.

PROMISSORY NOTE.—*Railroad, when " Completed."*—It was stipulated in a promissory note, given for common capital stock in a certain railroad, that the maker, for the purpose of aiding in the construction of said railroad, and in consideration thereof, promised to pay, upon the arrival of the first train of cars on said road at a certain place, to the order of the railroad company, at a bank in this State, a certain sum of money; and that if said road was not completed by a certain day, and the cars running to said place, said note should be null and void. In a suit upon the note, by the assignee of the payee thereof, the evidence showed that the cars which ran to the place and on the day mentioned in the note were not run over the located and established line of the road, but over a temporary track laid down for the purpose, and that it was four months after that day before the cars were running to said place on said road.

*Held*, that it was not necessary that the road should be perfect and finished in every particular, and its track well ballasted; but it should have been so far completed on its located and established line, that the cars might have been and were run, as stipulated in the note, and with reasonable regularity thereafter.

*Held*, also, that the road was not completed, within the meaning of the note, and that it was therefore void.

From the Rush Circuit Court.

*G. B. Sleeth, J. W. Study* and *G. C. Clark*, for appellants.

*L. Sexton, C. Cambern* and *F. J. Hall*, for appellee.

Howk, J.—This was a suit by the appellants, against the appellee, on a promissory note, of which the following is a copy:

"CONNERSVILLE, IND., March 29th, 1865.

"For the purpose of providing means to aid in the construction of the Junction Railroad, and in consideration thereof, I promise to pay, on the arrival of the first train of cars on said road at Rushville, Rush county, Ind., to the order of said Junction Railroad Company, at the bank of the State of Indiana, branch at Rushville, the sum of three hundred dollars, without relief from valuation or appraisement laws. If said road is not completed by the twenty-fifth day of December, 1866, and the cars running to Rushville, this note is null and void. This note is for common capital stock.

"$200.00. (Signed) THOMAS MATLOCK."

In their complaint, after setting out a copy of said note, the appellants alleged, in substance, that the said railroad company sold, transferred and assigned said note to them, and they were the owners thereof; that said railroad was completed and the first train of cars arrived on said road at Rushville, Indiana, on the 25th day of December, 1866; that on the 18th day of January, 1867, the said Junction Railroad Company, by its officers, issued to the appellee a certificate of stock, a copy of which was filed with the complaint, showing that he was the owner of six shares of the capital stock of said company, and placed the same on file at the aforesaid bank for the appellee's use; that the appellee had failed and refused to receive and accept said stock, or pay the consideration therefor, or in any way comply with the terms of his said contract; and that the said sum of three hundred dollars and the interest accrued thereon were due and owing to the appellants from the appellee. Wherefore, etc.

There was a second paragraph of complaint, but it did

not differ substantially, in its averments, from the first paragraph; except that it was alleged in said second paragraph, that the appellants' assignor was ready and willing, on and after the 25th day of December, 1866, to issue and deliver to the appellee a certificate for the proper amount of its capital stock, and that the appellants had. tendered the certificate of stock to the appellee and demanded payment of the note, but he had refused either to accept the certificate or pay the note.

The appellee answered the complaint, admitting the execution of the note in suit, but denying all the other allegations in each paragraph of the complaint.

The cause was tried by the court, and a finding was made for the appellee, the defendant below; and the appellants' motion for a new trial having been overruled, and their exception entered to this ruling, the court rendered judgment on its finding, for the appellee.

The only error assigned by the appellants, in this court, is the decision of the circuit court in overruling their motion for a new trial.

From the copy of the note in suit, set out in this opinion, it will be seen that the appellee stipulated therein, that his note should be " null and void," if the road of the Junction Railroad Company were not completed by the 25th day of December, 1866, and the cars running to Rushville. To render the appellee's note a valid and binding contract, it was necessary, we think, that the appellants' assignor, the railroad company, should have completed its road to Rushville, and that the cars should be running to that point on its road, by the 25th day of December, 1866. The question tried in this case, in the court below, was whether the appellants' assignor had completed its road, and the cars were running thereon to Rushville, by the day specified and limited in said note. This was purely a question of fact, as it seems to us. Of

course, the stipulation in the note, as to the completion of the road and the running of the cars, ought to have received, and we think it did receive, a reasonable construction.   It was not necessary that the road should be perfect and finished in every particular, and its track well ballasted, in order to avoid the stipulation in the note in regard to the effect of the non-completion of the road.   But it seems to us that the road should have been so far completed on its located and established line, that the cars might have been, and were run to Rushville on that line, on the day specified in the note in suit, and with reasonable regularity thereafter.   The evidence tended to show, that the cars which ran to Rushville on the 25th day of December, 1866, were not run over the located and established line of the road, but over a temporary track laid down for the purpose, and that it was fully four months after that day before the cars were running to Rushville, on said road. The court was fully justified, in our opinion, in finding from the evidence, that the road was not completed, and that the cars were not running thereon to Rushville, by the 25th day of December, 1866, and that the note in suit was therefore, by its terms, " null and void."

We can not disturb the finding of the court on the evidence.

We find no error in the record.

The judgment is affirmed, at the appellants' costs.