Filed March 29, 1893.

———◆———

No. 16,223.

THE STATE, EX REL. THORNTON, *v*. YANT.

134   121
139   161
134   121
151   411
151   412

HIGHWAY.—*Obstruction.*—*Duty of Supervisor to Collect Forfeiture.*—*No Remedy by Mandate.*—*Legal Remedy.*—*Statute Construed.*—A road supervisor will not be compelled to bring an action for forfeiture under section 1565, Elliott's Supp., against one who, unnecessarily, and to the hindrance of passengers, obstructs a public highway, the Legislature having prescribed in the law itself what is deemed an adequate remedy for the enforcement of the penalty if the supervisor fails to discharge his duty. Besides, there is an adequate legal remedy in section 1964, R. S. 1881, making the obstruction of a highway a criminal offense. And it is a well settled rule that a mandate

The State, *ex rel.* Thornton, *v.* Yant.

will not lie where a party has such a remedy. Under section 1565, *supra*, it is the duty of the supervisor to determine whether such a state of facts exists as would justify an action for forfeiture, and for failure to prosecute such action, may himself be subject to an action for forfeiture, but he can not be compelled by mandate to collect the forfeiture.

From the Elkhart Circuit Court.

*H. C. Dodge* and *J. S. Dodge,* for appellant.

*H. D. Wilson, W. J. Davis, H. C. Wilson* and *J. W. Nusbaum,* for appellee.

OLDS, J.—The statute, section 1565, Elliott's Supp., provides, among other things, that any person who shall unnecessarily, and to the hindrance of passengers, obstruct any highway, shall forfeit the sum of five dollars for every day the obstruction is continued, to be recovered before a justice of the peace of the county, in the name of the trustee, by the supervisor of the district. It further provides that the supervisor shall commence suit within three days after receiving information of such forfeiture, and the sums so recovered shall be paid to the trustee of the township for the benefit of the roads of the district.

Section 1566, Elliott's Supp., provides that for failure on the part of the supervisor to bring suit to recover any forfeiture where referred to by the act for every such offence, he shall forfeit ten dollars, to be recovered before a justice, in the name of the township, by the trustee of such township, the sums so collected to be for the benefit of the district for which the supervisor was elected, and such trustee shall bring suit within three days after receiving information of the forfeiture.

The following section (1567) authorizes the successors in office of any supervisor to collect and secure all delinquencies accruing during the term of his predecessor.

The appellant filed his petition in this case against the

appellee, Phillip Yant, supervisor of road district number one in Cleveland township, Elkhart county, asking that a mandate issue compelling the appellee to bring suit, in "pursuance of the foregoing statute, against one Francis Workinger, who, it is alleged, unnecessarily and wrongfully maintains an obstruction—a fence—in the center of a certain described road, its whole length, which hinders appellant and other passengers " from passing over said road.

The road is described in the petition, and appellant's relation to it stated, the same being the only public highway leading to his land and bordering on his land, and which road he continually uses; and it is further alleged that the supervisor has information and was fully informed of the obstruction, and by whom it is maintained, more than forty days previous to the bringing of this suit, and has been requested, as is his duty, to bring suit against said Workinger, under section 1565, *supra*, to enforce forfeiture as provided by said section; that such supervisor has refused and still refuses to bring such suit; that Benjamin Straub is the trustee of said township, and said Straub advises and encourages said appellee in his refusal to bring such suit, and said trustee refuses to require the appellee to bring such suit, and a demand on said trustee to bring suit against said supervisor would be unavailing for the reason that the trustee directs said appellee not to bring suit against Workinger for maintaining the obstruction.

The petition is regularly verified. To this petition appellee demurred, and the court sustained the demurrer, and appellant excepted, and prosecutes this appeal, assigning such ruling as error.

It is insisted that it is a case coming within the provisions of the statute authorizing the issuing of writs of

mandate; that its object is to compel the supervisor to perform an act which the law specially enjoins that he shall do.

We do not agree with counsel that this is a case where the court is required to exercise its power and compel the doing of the omitted act charged in this case. It differs very materially from a case where the omitted act is one which the law enjoins upon the officer and which is wholly within his power to complete without liability. The act which it is sought to have the appellee do in this case, and which is enjoined upon him by the statute, is the commencement and prosecution of an action against a party charging him with the unlawful act of obstructing the public highway, and this action the statute provides shall be prosecuted by the supervisor in the name of the township trustee, and the facts alleged show that the trustee refuses to allow the action to be so prosecuted.

We are not cited to any authority, and our search has revealed none, in support of the power of the court to compel an officer, against his will, to institute or prosecute an action at law and subject himself or the corporate body or municipality which he represents to a liability for costs and damages in case of a decision adverse to him. On the contrary, there are some tending to hold the adverse doctrine. *People, ex rel.*, v. *Fairchild, Attorney-General*, 67 N. Y. 334; *People* v. *Attorney-General*, 22 Barb. 114. It will not issue to compel the opening of a highway if a question exists as to its legality, or where the supervisor might be subjected to an action of trespass. Merrill on Mandamus, p. 145, section 117; *State, ex rel.*, v. *Buhler*, 90 Mo. 560.

We do not think the statute contemplates any such right of compulsion on the part of an individual, requiring the supervisor to act, but, on the contrary, it makes

The State, *ex rel*. Thornton, *v*. Yant.

it the duty of the supervisor to act and prosecute such action for the collection of a forfeiture, and fixes and limits his liability for failure to do so, by subjecting him to an action in which he shall forfeit ten dollars for his failure or refusal to prosecute an action to recover a forfeiture where one existed.

It certainly was not intended that the supervisor should be compelled to institute a suit on mere information, and that the responsibility of incurring liability for himself or trustee, or township, without investigating and satisfying himself as to whether, in his judgment, such suit could be maintained. The statute was, as we think, intended to enjoin the duty of prosecuting such actions, and imposing upon him a penalty for failure to do so, in the act itself, and the supervisor should determine for himself whether or not there was such a state of facts existing as that an action would lie; and if there was, and he failed to prosecute, he should forfeit the penalty prescribed; and he must decide whether he will prosecute the action, or refuse and defend in case he should be prosecuted for failure to do so.

If the statute be thus construed, it may be valid, as it leaves the supervisor to be guided by his own judgment in determining whether or not he will prosecute the suit, or decline to do so and defend against an action if one be prosecuted against him. Besides, there are other ample remedies more effectual than the prosecution required by the supervisor in this statute to prevent the obstruction of a highway, and to punish the offender. Section 1964, R. S. 1881, makes the obstruction of a highway a criminal offence, and subjects the offender to a fine and imprisonment. And it is a well settled rule that a mandate will not lie when the party has an adequate legal remedy. Wood on Mandamus; 1 High on Extraordinary Legal Remedies, section 15.

Section 1559, Elliott's Supp., makes it the duty of an adjacent land-owner to remove obstructions in the highway, in compensation for which he shall be allowed, by the supervisor, credit on his liability to work on the highway.

It does not appear, from any averments in the complaint, that the appellant may not have removed the obstruction from the highway, as it was made his duty to do by the statute, and received compensation as provided by the statute.

The penalty imposed by the statute upon persons obstructing a highway inures to the benefit of the road district in which the obstruction exists; and in case of a failure of the supervisor to discharge his duty in collecting the forfeiture, the forfeiture by him for neglect of his duty is collectible by the trustee in the name of the township for the benefit of the same road district. It does not provide for the removal of the obstruction. The direct interest, if any, that an adjacent land-owner or one who uses the highway has, is in the removal of the obstruction and putting the highway in a condition for free use by the public.

An individual land-owner, whose land borders on the highway, has no more interest in the sum forfeited by the person obstructing the highway, and in its collection, than has any other resident of the road district.

The method of enforcing the forfeiture, or compelling the supervisor to discharge his duty in the collection thereof, is prescribed by the statute itself, which is that if the supervisor fail in the discharge of his duty, he shall forfeit double the amount of the penalty to be collected, and such forfeiture by the supervisor shall be collected by the trustee. Thus the Legislature has prescribed, in the law itself, what is deemed an adequate remedy for the enforcement of the penalty and the failure of the supervisor to discharge his duty.

The Indianapolis, Decatur, etc., Ry. Co. *v.* First National Bank, etc.

A remedy which the Legislature deemed adequate having been prescribed, the courts will not add to such remedy another, and that the extraordinary remedy of mandamus. The fact that the trustee may be acting with the supervisor, and advising him not to bring the action, furnishes no reason why a writ of mandamus should issue against the supervisor. If it affords a reason why a mandamus should issue at all, it is that it should issue against the trustee for failure to discharge his duty in omitting to prosecute an action against the supervisor.

The court did not err in sustaining the demurrer to the petition.

Judgment affirmed.

Filed March 31, 1893.