State, *ex rel.* Cutter, *v.* Kamman, Trustee, *et al.*

---

STATE, EX REL. CUTTER, *v.* KAMMAN, TRUSTEE, ET AL.

[No. 18,522. Filed November 2, 1898.]

HIGHWAYS.—*Repairs.*—*Road Supervisor.*—*Mandamus.*—The statute imposes upon a road supervisor the duty of keeping the highways in his district in good repair, and any person having an interest in the matter can, as relator, maintain an action in mandamus requiring him to perform such duty. *pp. 408-411.*

MANDAMUS.—*Defense.*—The fact that a party is liable to indictment and punishment, or to a penalty or forfeiture which may be recov-

ered in a civil action for his failure or refusal to perform a duty imposed by law, does not constitute any defense to the issuing of a writ of mandamus to compel the performance of such duty. *p. 411.*

HIGHWAYS.—*Repairs.—Road Supervisor.— Mandamus.— Petition.— Sufficiency.*—An allegation in a petition for a writ of mandate to compel a road supervisor to repair a highway that the road is in an almost impassable condition by reason of its being washed into gulleys, and the deposit of driftwood, stones and other debris thereon by heavy rains, and has so remained for more than twelve months last past is sufficient to show that the highway was in the condition alleged when the action was commenced, and it was not necessary to allege that the' adjacent landowner had not removed the alleged obstructions. *pp. 411-413.*

From the Ohio Circuit Court. *Reversed.*

*J. B. Coles* and *G. B. Hall,* for appellant.

*Rodman L. Davis* and *John L. Davis,* for appellees.

MONKS, J.—This action was brought by appellant to compel, by writ of mandamus, appellee Obertate, a road supervisor, to repair a part of a certain highway in his road district, and appellee Kamman, trustee of said township, to sue said Obertate for the statutory penalty for his failure to keep said highway in repair. An alternative writ was issued, and appellees each moved to quash the same, and also filed a demurrer for want of facts, to the petition for the alternative writ. The motions to quash the alternative writ and the demurrers to the petition were sustained by the court.

The errors assigned call in question said rulings of the court below. If, under the statutes, it rests in the discretion of road supervisors whether they keep the highways in the road districts in repair, it is concluded that the demurrers and motions of appellees were properly sustained. Section 6818, Burns' R. S. 1894 (5068, Horner's R. S. 1897), provides, among other things, that the road supervisors "Shall carry into effect all orders of the trustee of the township in

which the road district is situated, touching the highways and bridges therein and keep the same in good repair." Section 6828, Burns' R. S. 1894 (5077, Horner's R. S. 1897), provides that "Such supervisor, within ten days after the receipt of any money which he is not required to pay over to the township trustee, shall proceed to employ laborers to repair the highways in his district, but shall not pay more to such laborers than is customary in his district for similar purposes, and such supervisor shall attend such repairs, but in no case shall such supervisor neglect to repair such highways, and if such labor and tax, or labor where no tax has been assessed, shall be insufficient therefor, he shall call out the hands in his district to complete such repairing; and if any person so called out shall refuse to work, he shall be liable to pay the commutation money therefor, and it shall be the duty of the supervisor to bring suit for the same as provided in this act." Section 6838, Burns' R. S. 1894 (5088, Horner's R. S. 1897), provides, that "in case such supervisor shall fail to use due diligence in keeping the highways of his district in good repair, under the regulations herein prescribed,   *   * for every such offense he shall forfeit the sum of ten dollars, to be recovered before any justice of the county, in the name of the township, by the trustee of such township, and all sums so recovered shall be for the benefit of the district for which such supervisor was elected or appointed, and such trustee shall bring suit within three days after receiving any information of any such forfeiture."

These sections of the statute plainly impose upon a road supervisor the duty to keep the highways in his district in good repair, and he is authorized to call out the hands of the district to complete the repairing if the labor and tax are insufficient therefor.

If a highway is out of repair, the statutes require that he place the same in good repair. The plan and manner of making the repairs, and the material used in making the same may rest in his discretion; but his duty to put the same in good repair is a public duty, and is imperative, and not discretionary. Under such circumstances, if the law furnishes no other adequate remedy, mandamus will lie; and any person having an interest in the matter can, as relator, maintain the action. *Henderson* v. *State, ex rel.*, 53 Ind. 60, 63, and cases cited; *Holliday* v. *Henderson*, 67 Ind. 101, 107; *Hamilton* v. *State, ex rel.*, 3 Ind. 452; *Wampler* v. *State, ex rel.*, 148 Ind. 557, 563, 564; *Manor*, *Auditor*, v. *State*, 149 Ind. 310, 313, and cases cited; *Larkin* v. *Harris*, 36 Iowa 93; *Patterson* v. *Vail*, 43 Iowa 142; *People* v. *City of Bloomington*, 63 Ill. 207; *Hammar* v. *City of Covington*, 3 Metc. (Ky.) 494; *People* v. *Thompson*, 32 Hun 93; *Borough of Uniontown* v. *Com.*, 34 Pa. 293; 14 Am & Eng. Ency. of Law, 166, 167; 7 Lawsons Rights, Remedy & Prac., section 4031; *Dane* v. *Derby*, 54 Me. 95, 89 Am. Dec. 733.

In *Borough of Uniontown* v. *Com., supra*, it was held that as the borough was of common right bound to keep its streets in repair, it could be compelled to do so by mandamus. In *Larkin* v. *Harris, supra*, and in *Patterson* v. *Vail, supra*, it was held that, as it was the duty of a road supervisor to remove all obstructions from a highway, and keep the same in repair, mandamus was the proper remedy to compel him to perform this duty.

Appellees insist that if they failed to keep the highway in repair, as alleged, they were liable to a fine of not less than $5 nor more than $100 each, under the provisions of section 2148, Burns' R. S. 1894 (2061, Horner's R. S. 1897), and that this constituted an adequate legal remedy, and therefore mandamus would

not lie. The fact that a party is liable to indictment and punishment, or to a penalty or forfeiture, which may be recovered in a civil action for his failure or refusal to perform a duty imposed by law, does not constitute any objection to the granting of the writ, for the reason that such proceedings cannot compel the performance of official duty, and therefore such remedies are not adequate. *People* v. *Mayor, etc.,* 10 Wend. 395, 398, and cases cited; *California, etc., R. R. Co.* v. *Central Pacific R. R. Co.,* 47 Cal. 528, 531; *Babcock* v. *Goodrich,* 47 Cal. 488, 508; *Fremont* v. *Crippen,* 10 Cal. 215, 70 Am. Dec. 711; *State* v. *Holliday,* 8 N. J. L. 205; *In re Trenton Water Power Co.,* 20 N. J. L. 659, 660; *State* v. *Wright,* 10 Nev. 175; *State* v. *North Eastern R. R. Co.,* 9 Richardson Law 247, 67 Am. Dec. 551; *LaGrange* v. *State Treasurer,* 24 Mich. 469; *People* v. *State Treasurer,* 23 Mich. 499; *Tawas, etc., R. R. Co.* v. *Iosco, Circuit Judge,* 44 Mich. 479, 7 N. W. 65; 14 Am. & Eng. Ency. of Law, 102, 103, and cases cited in note 4, p. 103. So far as *State* v. *Yant,* 134 Ind. 121, holds to the contrary it is overruled.

It is next insisted by appellees that it is not averred that the adjacent landowner had not removed the alleged obstruction to the highway, as it was his duty to do under the statute. It is alleged in the petition and alternative writ: "Which part of said road  *  *  * is in an almost impassable condition by reason of its being washed into gulleys, and the deposit of driftwood, stones and other debris thereon, by heavy rains, and has so remained for more than twelve months last past." It is clear from this allegation that the highway was in the condition alleged when the action was commenced, and had been in that condition for more than twelve months before. Even if the alleged gulleys were not an obstruction of the highway within the

meaning of section 6831, Burns' R. S. 1894 (5080, Horner's R. S. 1897), which we need not and do not decide, yet it was the duty of the supervisor to keep said highway in repair, and if the adjacent landowners failed to remove obstructions as required by said section, it was the duty of the appellee Obertate, as supervisor, to have it done. *Borough of Uniontown* v. *Com., supra.* If he had no funds, and if he could not give receipts for labor on the highway, under section 6834, Burns' R. S. 1894 (5084, Horner's R. S. 1897), then it was his duty to call out the hands in the district as provided in section 6828 (5077), *supra.*

Appellees cite *Mayor, etc.,* v. *Roberts,* 34 Ind. 471, as holding the contrary; but that case is not in point here, as it only holds that whether an improvement shall or shall not be made, and paid for out of the general fund in the treasury of the city, is a matter in which the judgment of the city council cannot be reviewed by the courts in a proceeding by mandamus, for the reason that courts cannot review the discretion of such bodies by mandate. Section 6838 (5088), *supra,* provides that the township trustee shall bring suit within three days after receiving notice of the failure of the supervisor to use due diligence to keep the highways of his district in repair. The allegation that the said highway has been in the condition alleged, and on that account almost impassable for more than one year, was sufficient to show that the supervisor had failed to use "due diligence in keeping the highways of his district in good repair." This statute is peremptory and no discretion is left to the trustee. Mandamus will, therefore, lie to compel the performance of such duty. It is suggested in *State* v. *Yant, supra,* on p. 127, that such a remedy might be proper.

The assignment of errors presents no question as to

the right to compel the supervisor and trustee, respectively, to perform said duties in the same action, and we decide nothing as to that question. The facts alleged in the petition and alternative writ make a *prima facie* case for a writ of mandamus, and if any fact exists on account of which a peremptory writ should not be issued, the same must be set up by way of return to the alternative writ. Judgment reversed, with instructions to overrule the demurrer to the petition and to overrule the motion to quash the alternative writ, and for further proceedings not inconsistent with this opinion.