TOWNSHIP OF HAMTRAMCK *v.* RAPID RAILWAY CO.

1. STREET RAILWAYS—FRANCHISE—REVOCATION—TOWNSHIPS.

   A right conferred upon a street-railway company, by resolution of a township board, to extend its line through the township to connect with another line, the connection to be made within a stated time after the completion of such other line, by which resolution it is provided that the "franchise" shall be void unless accepted in writing by the company,—when so accepted, constitutes a franchise, not subject to revocation.

2. SAME—DISREGARD OF CONDITIONS—FORFEITURE.

   A willful disregard by the company of the conditions of its franchise with respect to the time within which the line should be built would entitle the township to maintain a bill to forfeit the franchise.

3. SAME—COMPLETION OF ROAD.

   A street-railway franchise provided for the construction of the R. railway to connect with the D. railway, the connection to be made within two years after the "completion" of the D. railway. *Held,* that the term "completion" meant such a completion of the D. railway as would enable the heavy cars of the R. railway to pass safely over its tracks, and not merely such a completion as was sufficient to accommodate the lighter cars of the D. railway.

Appeal from Wayne; Adams, J., presiding. Submitted November 17, 1899. Decided December 21, 1899.

Bill by the township of Hamtramck against the Rapid Railway Company to enjoin the extension of defendant's tracks. From a decree dismissing the bill, complainant appeals. Affirmed.

*Bacon & Palmer,* for complainant.

*Gray & Gray,* for defendant.

LONG, J. It appears that the defendant company,

during the year 1894, constructed its road along Gratiot avenue, in the city of Detroit. On November 28, 1894, the complainant township granted a franchise to the defendant company to build and extend its line of road, connecting with the Gratiot-avenue line, westerly through the complainant township, along Harper avenue. It was provided, among other matters, in the franchise, that:

"Said railway, so far as the same extends easterly from the Gratiot road, shall be equipped and put in operation within one year of the completion of the line of said the Rapid Railway Company heretofore authorized to be built on Gratiot road; and so much thereof as extends westerly from said Gratiot road, whenever convenient for the purpose of connecting with any street-railway line built in the city of Detroit, the connection to be made within two years after the completion of the railway in the city of Detroit on Harper avenue."

On September 14, 1898, the defendant began the construction of its road on Harper avenue westerly from Gratiot avenue under the above franchise. On September 16th the roadbed, for nearly two blocks, had been excavated, and the road was being rapidly pushed forward. On that day an injunction was issued by the Wayne circuit court in chancery, restraining the defendant from building its road; the complainant claiming by the bill that the defendant's rights had lapsed, owing to its failure to construct the road earlier. On a full hearing in the court below the injunction was dissolved, and the complainant's bill dismissed, with costs. The court filed an opinion in the case, which we think fully covers the case, and the facts therein recited are fully sustained by the record. The opinion is as follows:

"The bill of complaint in this case is an injunction bill for the purpose of restraining the defendant railway company from constructing a branch of its road along the north side of Harper avenue, in the city of Detroit, from Gratiot road westerly to St. Charles street, and to cancel, annul, or forfeit the right or franchise claimed by the railway company under which it proposed to construct such

branch. The bill of complaint was filed and suit commenced on the 16th day of September, 1898, and it is claimed by complainant that at that date the right of defendant to construct such branch had lapsed, and become forfeited or lost, for the reason that it had not constructed such branch within two years from and after the completion of the street railroad along Harper avenue from the west to the point of connection at St. Charles street.

"It appears from the evidence introduced in this case that the township board of the town of Hamtramck, acting under the authority of section 3548, 1 How. Stat., as amended by Act No. 12, Pub. Acts 1893, on the 28th day of November, 1894, adopted a resolution granting a right or franchise to the Rapid Railway Company, among other things, to construct a railway along the northerly side of Harper avenue westerly from the Gratiot road to St. Charles street, and to maintain the same during the corporate life of the company, upon certain conditions set forth in the resolution, only one of which—the first—is material to consider in this case. Leaving out the portion referring to the railway east of the Gratiot road, and quoting only that portion referring to the road in question, it reads as follows:

" 'And so much thereof as extends westerly from said Gratiot road [shall be equipped and put in operation] whenever convenient for the purpose of connecting with any street-railway line built in the city of Detroit, the connection to be made within two years after the completion of the railway in the city of Detroit on Harper avenue.'

"It is contended by complainant's counsel that this resolution does not create a franchise, but is only a license, subject to revocation. In connection with this contention, the fifth paragraph of the resolution may be referred to, which provides that:

" 'This franchise, and the permission hereby granted, shall cease and be utterly void unless said the Rapid Railway Company shall, within ninety days of the date hereof, accept the same in writing.'

"Such acceptance by the Rapid Railway Company appears to have been executed in writing on the 6th day of February, 1895, and its receipt by the township clerk was acknowledged on the same day.

"It will be noticed that in this fifth paragraph, and in the acceptance by the railway company, and in the ac-

knowledgment by the clerk, the right granted is called and treated by the parties as a franchise. · A franchise is defined to be 'a special privilege emanating from the government by a legislative or royal grant, and vested in an individual person or in a body politic or corporate.' And when accepted, and the terms agreed to by the person or corporation, it has frequently been held that a contract has been created. It seems to me that this right conferred upon the railway company, taken in connection with the acceptance, constituted what is known as a 'franchise,' and is not subject to revocation; and the doctrine that forfeitures are not favored, and that equity will not decree a forfeiture except for substantial reasons, applies to this case.

"I am of the opinion, however, that if the railway company had willfully, and without due regard to the rights of the township, disregarded the conditions of its franchise, and failed for two years after the completion of the Detroit Railway to make connection with it, as contemplated by the condition, this bill might be maintained and the franchise forfeited.

"This brings us to the question as to the meaning of the term 'completion,' and as to the facts developed by the testimony. On the part of complainant it is contended that the two years would begin to run from the time when the road was substantially completed so as to answer the purpose of its construction, and was put into use as a public conveyance for passengers, although many more things might be required to complete the road in the technical sense of that term. The evidence tends strongly to show that as early as July 4, 1896, the Detroit Railway commenced to carry passengers over its Harper-avenue line, and continued with more or less regularity to do so from that time on. It is not contended, however, that the road was fully completed until much later; the evidence tends to show not till November or December, 1896. Complainant's counsel refer to a number of cases[1] in support of their contention, and I am constrained to think that their contention is correct, and that only such completion would be required in law, under the condition quoted, as would render the road suitable for the use contemplated by the parties in making the contract. In the

---

[1] Viz.: *Tower* v. *Railroad Co.*, 34 Mich. 328; *O'Neal* v. *King*, 3 Jones, N. C. 517; *DeGraff* v. *Railroad Co.*, 23 Minn. 144; *Railroad* v. *Keene*, 62 N. H. 81; *Freeman* v. *Matlock*, 67 Ind. 99; *Fernald* v. *City of Boston*, 12 Cush. 574; *Russell* v. *Barry*, 115 Mass. 300.

cases cited by complainant's counsel, only the general use of the road as a public means of travel seems to have been contemplated. But in the present case it seems to me that something more was contemplated by the parties. It is evident to me, from the words of the resolution and from the proofs, that the words 'the connection to be made' mean the connection of the track of the Rapid Railway with the track of the Detroit Railway for the purpose of allowing the Rapid Railway cars to pass over the Detroit Railway track on the way to the central portion of Detroit. The proof tends to show that the Rapid Railway cars are much heavier and much longer than the Detroit Railway cars, consequently requiring a more solid and more even track. The proofs tend to show that along Harper avenue the track was not leveled up, nor ballasted, nor made safe for the Rapid Railway cars, till as late as November, 1896. In one case — if I remember right, as late as October — one of the Rapid Railway. cars, in attempting to pass over the Harper-avenue track, had its fender or cow-catcher broken off because of the unevenness of the track. On the whole, I am of the opinion that the words 'two years after the completion of the railway in the city of Detroit on Harper avenue' should be construed to mean two years after the completion of such railway to the extent that the cars of the Rapid Railway might safely pass over its tracks. And, after carefully considering the evidence, I am of the opinion that the Detroit Railway on Harper avenue was not so far completed as to be safe for the Rapid Railway cars until as late as November, 1896; consequently, that this suit was prematurely brought, and that the defendant, having commenced the construction of its branch on the 14th day of September, was within its rights under the franchise quoted. The bill of complaint will therefore be dismissed, with costs to defendant."

We fully agree with Judge Adams in the views above expressed. The decree must be affirmed, with costs of both courts.

The other Justices concurred.