## The State, ex rel. Looney, Trustee, *v.* Clifton, Road Supervisor.

[No. 19,510.   Filed December 18, 1901.]

Township Trustee. — *Road Supervisor.* — *Bridges.* — Section 8068 Burns 1901 makes it the duty of the township trustee to care for and manage all property belonging to the township and to superintend all the interests thereof.  By §6818 Burns 1901, the road supervisor is required to carry into effect all orders of the trustee, touching highways and bridges. *Held*, that the trustee is the superior officer, and when he gives the supervisor specific directions to build a bridge or culvert, the supervisor must carry the orders of the trustee into effect.

From Rush Circuit Court; *L. P. Newby,* Special Judge.

Mandamus proceeding by State on relation of George W. Looney, Jr., township trustee, against Samuel F. Clifton, road supervisor, to require the latter to build a culvert as directed.  From a judgment for defendant, relator appeals. *Reversed.*

*D. W. McKee, H. E. Barrett, S. L. Innis* and *W. G. Morgan,* for appellant.
*B. L. Smith, C. Cambern, D. L. Smith, G. W. Young* and *V. A. Young,* for appellee.

Baker, J.—Relator was township trustee, and appellee was supervisor of a road district in relator's township, during the time covered by the matters involved in this action. On March 23, 1898, a small bridge or culvert forming part of a highway in appellee's district, was washed out.  On the next day and at other times preceding July 19, 1898, relator, as township trustee, ordered appellee, as road supervisor, to build a new bridge or culvert in a specified manner and informed him that his drafts for the expense thereof would be honored.  On July 19, 1898, relator instituted this proceeding to obtain a peremptory writ, mandating appellee to build the culvert as it had been ordered by relator.  On August 6, 1898, in vacation, relator filed an application for

State, *ex rel.*, *v.* Clifton.

a temporary restraining order, showing that his directions to appellee were for the construction of a wooden bridge, that appellee refused to obey, that appellee was threatening and intending to build a stone bridge or culvert and was about to take and use certain stone belonging to the township and to employ workmen, over relator's objections. At the hearing on August 20, 1898, the court issued an order restraining appellee from proceeding to construct a stone bridge or culvert until the final hearing of the case or the further order of the court. Various amendments to the pleadings were made, and the application or complaint upon which the case was tried was not filed till May 11, 1899, to which the return or answer was filed on June 23, 1899. The court found for appellee, and rendered judgment in his favor for costs and dissolving the restraining order. The assignments are that the court erred in overruling the demurrer to the answer and in refusing a new trial.

The amended application, after stating the official positions of the parties and the impassable condition of the road, proceeded to charge "that on March 24, 1898, being the next day after the washout occurred, relator as trustee notified defendant as supervisor of the condition of the highway, and on that date and at various other times prior to June 15, 1898, orally, and on June 15, 1898, and before commencing this action, in writing, requested and commanded defendant as supervisor to repair the highway, where the culvert had been washed out, in the following manner,—by procuring not less than four sills of substantial timber, not less than twelve inches thick, and long enough to extend across the washout and onto the firm bank on each side a sufficient distance for safety, not less than five feet, the sills to be placed across the washout at uniform distances of four feet apart and the ends to be let into the surface of the grade to such a depth that when covered with three-inch bridge flooring the surface would be level with the grade of the highway on each side, the bridge to be floored with three-inch oak planks

sixteen feet long; that on each occasion relator also notified defendant that there was in relator's hands as trustee, subject to defendant's order as supervisor, a sufficient fund to pay for the necessary materials and labor and that defendant's orders therefor would be promptly honored and paid; that at all times since March 24, 1898, it has been within the power and ability of defendant as supervisor to construct the repairs, and that the same if so constructed would furnish a safe and convenient passage over such washout for all the travel that passes over the highway; that the highway continues in the same condition it was in on March 24, 1898; that by reason of the grade of the highway at the point in question and the marshy character of the ground it is impracticable for ordinary loads to be hauled safely down the grade and across the brook, and by reason thereof public travel is greatly impeded; that defendant has continuously refused to make the repairs. Wherefore," etc.

The return or answer, after admitting the notice and direction given to defendant by relator, alleges "that defendant at no time refused to repair the highway, but on the contrary as soon as possible after the highway became out of repair and before the commencement of this action he procured stone and other materials and had teams engaged to build a substantial stone culvert, when he was restrained by order of this court; that afterwards plaintiff filed an amended complaint in which no injunction was asked, and thereupon defendant was advised by his attorneys that such action by plaintiff was a dismissal of the injunction proceedings and that he could proceed with the building of the culvert as he chose; that thereupon defendant constructed a substantial stone culvert, and the highway is now in good condition; that in defendant's opinion the manner in which he was ordered to repair the highway was unsuitable, and for that reason he refused to obey relator's orders and proceeded to make what he considered proper repairs, as he believed he had the right to do. Wherefore," etc.

This answer, showing a defiance of the trustee's directions and a disregard of the restraining order, could be held good only on the theory that the control of the construction of the new bridge or culvert rested with the supervisor.

Among the trustee's duties are these: "To see to a proper application of all moneys belonging to the township for road, school or other purposes, * * *. To have the care and management of all property, real and personal, belonging to the township, and to superintend all the interests thereof." §8068 Burns 1901, §5993 R. S. 1881 and Horner 1897.

It is the supervisor's duty to "carry into effect all orders of the trustee * * *, touching the highways and bridges therein and keep the same in good repair". §6818 Burns 1901.

From a consideration of these sections, as well as of the whole of article 7 of chapter 76 relating to the construction and repair of highways and to the respective duties of trustee and supervisor (§§6813-6854 Burns 1901), we think it is clear that the legislature never intended that there should be a conflict of authority, and that the trustee is the superior officer. The trustee, with the concurrence of the county commissioners, levies the road tax; and he directs and controls the expenditure thereof. If all the supervisors in a township had the right to build stone culverts or bridges where the trustee ordered wooden ones, the trustee's control of the finances of the township would be flimsy indeed.

If the trustee should give the supervisor only general orders undoubtedly the supervisor could exercise his discretion as to details. *State, ex rel.*, v. *Kamman,* 151 Ind. 407. But if the trustee gives specific directions, as in this case, the supervisor must "carry the orders of the trustee into effect".

Judgment reversed, with directions to sustain the demurrer to the answer.