THE STATE EX REL. HOUCK V. MORRIS ET AL.

1. **Bridges:** BOARD OF SUPERVISORS: MANDAMUS. The board of supervisors have power, at their discretion, to establish and change highways, of which bridges erected by the public constitute a part, and where a bridge has fallen down, which they refuse to rebuild, mandamus will not lie to compel them to do it.

*Appeal from Adams District Court.*

TUESDAY, APRIL 25.

THE petition alleges in substance that, in September, 1875, a bridge eighty-four feet in length over the Middle Nodaway River, on a legally laid out public road, fell down, and that plaintiff demanded in writing of the defendants, members of the Board of Supervisors of Adams county, that the bridge be repaired, and fixed the estimate for the same at six hundred dollars; that defendants refused to make any appropriation for the repair of said bridge; that the highway and bridge are of great public utility, and of private benefit to petitioner; that plaintiff has an interest in a coal mine situated upon the public road on the north side of said bridge; that his market is in the town of Corning, and that, by reason of the bridge being out, he must of necessity use a much longer and more inconvenient route in the transportation of coal, and that his private interests are essentially interfered with. The petition prays a writ of mandamus, commanding defendants to make suitable provision for the passage of the stream, and that, in default thereof, within twenty days the court appoint a commissioner by whom said bridge may be re-built, at the expense of the defendants.

A demurrer to this petition was sustained. Plaintiff appeals.

*J. D. Peregrine*, for appellant.

*F. M. Davis*, for appellee.

DAY, J.—The board of supervisors have the general supervision over the highways in a county, with power to establish and change them, as by law provided. Code, section 920. Bridges erected or maintained by the public constitute parts of the highways. Code, section 1001. It cannot be doubted that the board of supervisors may in their discretion erect or refuse to erect a new bridge.

If no bridge had ever been erected at the point in question, it would scarcely be claimed that at the suit of a private individual the board could be compelled to construct one. The case at bar is not different in principle from the one supposed.

The bridge has fallen down, so that the road is impassable until a new bridge is erected. The board of supervisors have acted upon the matter, and have refused to make any appropriation for the re-building of the bridge. They have exercised the discretion with which the law invests them, and this discretion it is not competent for courts, through the writ of mandamus, to control. Code, section 3373.

It would be a novelty if, after a board of supervisors have determined that the public interests do not require the erection of a bridge, the District or Circuit Court should, upon the application of a private individual, overrule that decision, and through a commissioner appointed by the court assume the construction of bridges, at the cost of the county, as the court was asked to do in this case.

Without further elaboration, it may safely be asserted that no precedent can be furnished for such a course, and that it can be justified upon no legal principle. The demurrer was properly sustained.

AFFIRMED.