STATE OF MINNESOTA, *ex rel.* Dexter M. Smith and others, *vs.* TOWN OF SOMERSET.

November 29, 1890.

**Town—Mandamus to Compel Improvement of Highway.**—Town supervisors will not be required, by *mandamus*, to make a particular improvement upon a town highway, unless, at least, the duty to do so is so plain and imperative, having regard to all the considerations which may affect the action of such officers, that the neglect to do it cannot be reasonably justified upon grounds of discretion. The fact that there are sufficient road funds for making such improvement, without regard to what may be required elsewhere, does not justify *mandamus*.

Appeal by relators from an order of the district court for Steele county, *Buckham, J.*, presiding, quashing an alternative writ of *mandamus*.

*Wheelock & Sperry*, for appellants.

*Sawyer & Sawyer*, for respondent.

DICKINSON, J.   The relators appeal from an order quashing an alternative writ of *mandamus.*   The question involved is whether, upon the facts stated in the petition of the relators, the board of supervisors of the town should have been compelled by *mandamus* to construct a bridge across Straight river, at a point where a public highway crosses the river, a bridge previously erected there having been carried away by an ice gorge in the spring of 1888, so as to render the highway at this place impassable.   The court below considered that it was entirely within the discretion of the board of supervisors to determine whether or not they should reconstruct the bridge, and hence that they should not be compelled by judicial process to do so.   It is unnecessary for us to consider under what circumstances, if at all, the courts will assume to control these officers in the exercise of the duties imposed upon them in respect to highways, and which, from their very nature, must be largely discretionary.   It is certain that this should not be done unless the particular act the performance of which is sought to be enforced is so plainly and imperatively required that a refusal or neglect to do it cannot be reasonably based upon grounds of discretion.   And in such matters other considerations than the need or utility of the particular improvement are to be taken into account, and should be allowed to affect the action of such officers, who are charged with the care of the public highways of the town generally.   For instance, the amount of funds applicable to road and bridge purposes, which is limited by statute; the extent, nature, and relative importance of the improvements which may be deemed to be necessary throughout the town, concerning which, in general, the discretion of the supervisors, and not of the courts, must be exercised; the probable cost of the particular improvement in question as compared with its usefulness; the question whether the improvement, if made, would probably be permanent or would be speedily destroyed by the elements, and perhaps other considerations, must be allowed to affect the judgment and action of the board.   But without deciding that in no case will the discharge of particular duties of this kind be enforced by *mandamus,*

we hold that the petition of these relators does not present a case justifying the writ. Aside from allegations directed to showing the importance to the public and to the relators of a bridge at this point, and the refusal of the supervisors to cause it to be constructed, it only appears that there are public funds, applicable to the repair of highways and bridges, sufficient to rebuild this bridge. This is not enough. It is not to be presumed that no other highways need to be repaired or constructed, no other bridges to be built. It does not appear that there are funds sufficient to construct this bridge *and* to do whatever else may, in the reasonable judgment of the board, be needful on the town highways. In brief, it does not appear that the refusal of the supervisors to rebuild the bridge was not justifiable upon grounds of discretion.

Order affirmed.