STATE ex rel. THOMAS OLSON and Others v. BOARD OF COUNTY
COMMISSIONERS OF RENVILLE COUNTY and Another.[1]

April 26, 1901.

Nos. 12,499—(46).

### Laws 1889, c. 271, Constitutional—Rebuilding Bridge.

Laws 1889, c. 271, entitled "An act to appropriate money to aid in building bridges and draining lands in certain counties of the state," appropriated money for the building of a bridge across the river between the defendant counties, and provided that such bridge when built should be kept in good condition by the counties. The bridge was built pursuant to the statute, but by reason of wear and decay has been destroyed. *Held*:

1. The subject of the act is expressed in its title, and it is constitutional.

2. The duty of rebuilding the bridge when destroyed was imposed by the act upon the counties.

3. The petition in this case states facts authorizing the issuance of a writ of mandamus to compel the county commissioners of the respective counties to proceed and rebuild the bridge.

Alternative writ of mandamus issued by the district court for Renville county, on relation of Thomas Olson and others, residents and taxpayers of said county, to compel the respective boards of county commissioners of Renville and Redwood counties jointly to rebuild a bridge across the Minnesota river on a highway connecting said counties. From an order, Powers, J., denying a motion to quash the writ and from an order directing a peremptory writ to issue, defendants appealed. Affirmed.

*Frank Clague* and *A. V. Rieke*, for appellants.

*Eric L. Winje*, for respondents.

START, C. J.

This is an appeal by the board of county commissioners of the counties of Renville and Redwood, respectively, from the orders of the district court of the county of Renville refusing to quash an alternative writ of mandamus, and granting a peremptory one,

[1] Reported in 85 N. W. 830.

83 M.—5

requiring them to rebuild the bridge therein designated across the Minnesota river between the two counties.

The sole question here to be decided is whether the facts alleged in the petition for the writ authorize the issuance of the writ. Such facts, so far as here material, are these: The legislature of this state, in the year 1889, by an act entitled "An act to appropriate money to aid in building bridges and draining lands in certain counties of the state" (Laws 1889, c. 271, tit. A 11), appropriated $1,000 for the purpose of building a bridge across the Minnesota river in the counties of Renville and Redwood, to be located and constructed under the supervision and direction of the commissioners named in the act. This statute also provided that

"The said bridge after its completion shall be kept in good condition by the counties in which the same shall be situated, and shall remain a free bridge forever." Section 6.

Pursuant to the statute, the bridge was located at a point where there was and is a public road across the river, and built under the direction of such commissioners, and completed, ready for public travel, July, 1890. The bridge was thereafter continuously used by the public as a public highway until August, 1898, when, by reason of wear and decay, it collapsed, and was utterly destroyed. The maintenance of this bridge is necessary for public travel and convenience. All the relators live near the road that leads across the river at the point where the bridge was located, and are greatly inconvenienced by the lack of the bridge at such place. They are also freehold residents, legal voters, and taxpayers of the county of Renville. The board of county commissioners of each of the counties has neglected to rebuild the bridge, and has and still refuses so to do, or to take any steps towards the rebuilding thereof, although there is now and has been since the bridge was destroyed sufficient money belonging to the road and bridge fund in the treasury of each of the counties unappropriated and available for the rebuilding of such bridge.

1. The appellants' first contention is that so much of the statute providing for the building of the bridge as imposes upon the

counties the duty and liability of keeping the bridge in good repair is unconstitutional, because not expressed in the title of the act. The mandate of the constitution (article 4, § 27), that "no law shall embrace more than one subject which shall be expressed in its title," has been often considered by this court, and it has been uniformly held that the title of a statute is sufficient if it is not used as a cloak for legislating upon dissimilar matters in the same act, and the subjects embodied in the enacting clause are naturally connected with, and are germane to, the general subject expressed in its title; otherwise, not. Winters v. City of Duluth, 82 Minn. 127, 84 N. W. 788. There is sometimes difficulty in determining whether the several matters embraced in a statute are germane to its title, but there is none in this case, because provisions for the building of a public bridge and imposing the duty of maintaining it are naturally connected with the subject of appropriating money to aid in building it. The act in question is not unconstitutional.

2. The next contention of appellants is that the requirement of the statute that "the said bridge after its completion shall be kept in good condition by the counties in which the same shall be situated" relates only to the particular bridge for the construction of which the money was appropriated. Or, in other words, that the duty imposed upon the counties by the act was to keep the bridge, which was built pursuant to the provisions of the act, in good condition only so long as it should last.

It is not quite clear how, as in this case, a bridge which collapsed by reason of wear and decay could have been kept in good condition as long as it lasted. It is evident the construction sought to be placed upon the language of the statute imposing the duty to keep the bridge in good condition is too technical. Manifestly, the intention of the statute was to impose upon the counties the duty of maintaining the bridge as a passageway over the river in a safe condition of repair as a substantial and continuing part of the public highway. This duty to keep the bridge in repair includes the duty of rebuilding it when, for any reason, it is destroyed. 4 Am. & Eng. Enc. 940; Howe v. Commissioners,

47 Pa. St. 361; State v. Board, 80 Ind. 478. Therefore it was and is the duty of the counties to renew the bridge in question.

3. Again, it is urged that the petition fails to show that the boards of county commissioners of the respective counties have sufficient means or funds for the rebuilding of the bridge. The allegation of the petition in this respect is that

"There is now, and ever has been, since said bridge was destroyed, sufficient money belonging to the road and bridge fund, in the treasury of each of said counties, unappropriated and available for the purpose of rebuilding said bridge."

The case of State v. Town of Somerset, 44 Minn. 549, 47 N. W. 163, is relied on by appellants in support of their claim that the allegations we have quoted are insufficient. That was a case against town supervisors to compel them to rebuild a bridge, and the allegation of the petition, as to whether they had sufficient available funds for that purpose, as stated in the opinion and which was the basis of the decision, was this (page 551):

"It only appears that there are public funds, applicable to the repair of highways and bridges, sufficient to rebuild this bridge. This is not enough. It is not to be presumed that no other highways need to be repaired or constructed; no other bridges to be built. It does not appear that there are funds sufficient to construct this bridge, and to do whatever else may, in the reasonable judgment of the board, be needful on the town highways."

It is to be observed that the allegation of the petition in the case we are considering is not that there are sufficient funds applicable to the repair of highways and bridges generally to rebuild the particular bridge, but it is to the effect that there is and has been since the bridge was destroyed sufficient money in the treasury of the respective counties, unappropriated and available, for the rebuilding of the particular bridge in question. Again, the general duty is laid upon the town supervisors to care for and keep in repair all roads and bridges within the limits of their respective towns. G. S. 1894, § 1775. No such general and absolute duty is placed upon county commissioners (G. S. 1894, § 1846), but as to this particular bridge the absolute duty of keeping it in repair has been imposed upon the appellants by law, and we hold

that the allegations of the petition are sufficient prima facie to show that they have at their command the means to rebuild the bridge. None of the allegations are denied by them.

4. The last contention of the appellants meriting special mention is to the effect that the petition is insufficient because it alleges no facts as to the dimensions, character, plans, or cost of the bridge to be built. These are matters left to the discretion of the appellants. The mandate of the court as expressed in its writ is that the appellants take steps to rebuild, and rebuild jointly, the bridge across the river at the place where the bridge was located which was destroyed. The duties of the appellants are thus made plain. They are to proceed and rebuild the bridge so as to secure a safe and substantial passageway over the river for public travel. In doing so the details are left to their discretion, but as to whether or not they shall proceed and rebuild the bridge they have no discretion. It follows that the facts alleged in the petition were sufficient to authorize the issuance of the writ.

Orders affirmed.