DANIEL AND GUY LEONARD, Appellants, v. A. B. WAKEMAN et al., Appellees.

Counties: REPAIR OF BRIDGES: MANDAMUS.  Under Code, section 422, mandamus will not lie to compel a board of supervisors to make repairs to county bridges, where, in the exercise of their discretionary power, they have refused so to do.

Appeal from Taylor District Court.—HON. R. L. PARRISH, Judge.

FRIDAY, APRIL 10, 1903.

PLAINTIFFS are residents of Holt township, Taylor county, this state, and the defendants are the members of the board of supervisors of said county.  In their petition plaintiffs allege that a county bridge, located in said township, and forming a part of a public highway in said township, has become and is now out of repair, defective and unsafe; that defendants, as such board members, have personal knowledge of the impaired condition of said bridge, and have been notified thereof, and repairs thereon demanded; that said board, in violation of the legal duty enjoined upon it by law, has refused, and still refuses, to make such repairs; that plaintiffs have a special and personal interest in said highway bridge independent and separate from the interest of the general public, in that they are prevented, by reason of the present condition thereof, from going from their respective homesteads over

to and upon other lands owned by them.    The prayer is
that defendants may be compelled by mandamus to put
said bridge in a state of repair suitable for public travel.
To the petition the defendants filed a demurrer, in which
it is asserted that the facts stated do not warrant the relief
demanded, in that (1) plaintiffs seek to compel by man-
damus the performance of a discretionary act, and to con-
trol that discretion; (2) plaintiffs seek to compel by
mandamus the exercise by the board of its judicial and
discretionary power, alleging at the same time that such
power has been exercised by its refusal to make the repairs
demanded.    This demurrer was sustained, and plaintiffs
appeal.—*Affirmed.*

*Arthaud & Arthaud* and *T. L. Maxwell* for appellants.

*Wm. E. Miller* for appellees.

BISHOP, C. J.—There is but one question presented by
this record:  Does the law make it the duty of the board
of supervisors to repair county bridges, in the sense that
an action for mandamus will lie in the event of failure and
refusal?   Section 422 of the Code provides that the board
of supervisors at any regular meeting shall have the fol-
lowing powers:  "(18) To provide for the erection of all
bridges which may be necessary, and which the public
convenience may require   *   *   *   and to keep the same
in repair."   By section 4341 of the Code it is provided that
the action for mandamus will lie to compel a board, etc.,
to do an act, the performance of which the law enjoins as
a duty resulting from an office, etc.   Where discretion is
left to the board, mandamus can only compel it to act, but
cannot control such discretion.   Such are the only pro-
visions of the statute having direct bearing upon the ques-
tion we have before us.   Counsel for appellants concede
that in the matter of the erection of bridges the power is
wholly discretionary, and that, accordingly, no action will

lie to compel the exercise thereof. But they contend that when once a county bridge has been erected and dedicated to the public use, it becomes the legal duty of the board to keep the same in repair, and this duty may be enforced by a resort to the action for mandamus. The reading of the statute does not bear out this contention. The power is given to build and the power is given to repair, and such is neither greater nor less in the one instance than in the other. In such a case power to act is simply the right to act, and, there being no words in the statute to indicate a contrary intent, it must be held that it is not within the province of the courts to determine when or how the power shall be exercised. Discretion is a necessary incident to the exercise of such a grant of power; and especially where, as in this case, the discretion has been exercised, and the board has refused to make an appropriation for the purposes of repair, we think such refusal must be accepted as conclusive. This is in direct line with the holding in *State v. Morris*, 43 Iowa, 192, where it is said: 'If no bridge had ever been erected at the point in question, it would scarcely be claimed that at the suit of a private individual the board could be compelled to construct one. The case at bar is not different in principle from the one supposed. The bridge has fallen down so that the road is impassable until a new bridge is erected. The board of supervisors have acted upon the matter, and have refused to make any appropriation for the rebuilding of the bridge. They have exercised the discretion with which the law invests them, and this discretion it is not competent for the courts, through the writ of mandamus, to control. It would be a novelty if, after the board of supervisors have determined that the public interests do not require the erection of a bridge, the district court should upon the application of a private individual overrule that decision." See, also, *Denison v. Watts*, 97 Iowa, 633

In support of their contention, counsel for appellants cite a line of cases commencing with *Wilson & Gustin v. Jefferson County*, 13 Iowa, 181, wherein the doctrine is announced that a county may be held liable for injuries, resulting in damage, caused either by defective construction of bridges, involving negligence, or negligence in failing to keep the same in repair. The authority of these cases is not to be doubted, but the principle involved has no application here. In its broadest signification the rule of the cases cited is authority only for the proposition that the county may be held liable for specific damages proven, if its governing board shall be negligent in connection with the matter of building a bridge, or, having elected not to rebuild or repair a certain bridge, if it shall be negligent in not taking necessary precaution to warn and protect innocent and unwary travelers from a dangerous condition left existing in connection therewith. The duty enjoined is that general duty which the law places upon the shoulders of every one that he use instrumentalities in his charge, or under his control, so that the same shall not become a menace to the lives and property of others. Manifestly, such rule has no relation to the doctrine announced in *State v. Morris*, *supra*. The essence of the holding in that case is that in the matter of building and repairing bridges, the duty devolving upon county boards is a discretionary one; that it is a duty which it owes to the public generally, and not to an individual, or any class of individuals, and that the exercise thereof cannot, therefore, be controlled by a resort to the courts. We conclude that there was no error in the ruling upon the demurrer. —AFFIRMED.