KARL ROMSDAHL AND ANOTHER v. TOWN OF LONG LAKE
AND OTHERS.[1]

June 22, 1928.

No. 26,778.

Mandamus to compel action by public officials.

1. Mandamus does not lie to control or coerce the discretion or judgment conferred upon public officials. Discretion is the power or right of acting officially according to what appears best and appropriate under the circumstances.

When writ will lie to compel removal of obstructions from established road.

2. The writ will lie, when a road has been established, to compel the authorities to remove fences and obstructions and open the road, it appearing that they have available means therefor.

Duties of town supervisors pertaining to roads are discretionary.

3. Duties of town supervisors in the general maintenance, repair and improvement of town roads are discretionary.

Court may exercise control over arbitrary and capricious discretion.

4. Where discretion has been exercised in an arbitrary and capricious manner the court may exercise control.

Writ will not issue when there are not available funds for the improvement.

5. Before the writ will issue to compel the making of a particular road improvement by a town board it must be made to appear that there are not only available funds sufficient to make it but also sufficient available funds to do whatever else may, in the reasonable judgment of the board, be needful on the other town roads.

Mandamus, 38 C. J. p. 689 n. 97; p. 690 n. 1; p. 752 n. 43; p. 755 n. 93; p. 756 n. 7.

See note in 46 A. L. R. 257; 18 R. C. L. 241; 6 R. C. L. Supp. 1058; 7 R. C. L. Supp. 593.

Defendants appealed from a judgment in mandamus of the district court for Watonwan county, Harry A. Johnson, J. command-

[1]Reported in 220 N. W. 166.

ing them to open a road and make it suitable for travel.    Modified.

*Leo J. Seifert,* for appellants.

*Farmer & Tighe,* for respondents.

WILSON, C. J.

Defendants appealed from a judgment directing that a peremptory writ of mandamus issue commanding them to open a road and make it suitable for travel.

On October 28, 1918, the supervisors of defendant town made an order refusing to lay out and establish a certain proposed highway one and one-half miles in length. An appeal was taken to the district court where a jury reversed the board. On July 19, 1920, judgment was entered establishing the proposed highway. Since then plaintiffs' repeated requests for action have been fruitless; hence this proceeding. Defendants assert that they do not have the necessary funds to meet the expense of the project, which requires one substantial bridge, some culverts, and considerable grading, totaling a cost of about $7,700; while plaintiffs estimate the cost at slightly less than half that amount. Defendants also say that in their judgment other road work and maintenance and repair in the town is of greater public importance and that if this project is advanced such other work on the town roads in general cannot be done; that such work as has been done by defendant supervisors and their predecessors in office has been in accordance with the wishes of the people of the town as expressed at the annual town meeting in making appropriations.

From 1919 to 1927, inclusive, defendant had an overdraft each year in its road and bridge fund. In March, 1926, the town voted an appropriation to this fund in the sum of $5,000. This case was tried on September 12, 1927, and $3,011 had then been collected. A refund had been received from the county in the sum of $426.83, making total receipts in this fund in that year $3,437.83; and it had disbursed all this money except $87.74. Approximately $2,000 was to come into the fund from the appropriation on November 1, 1927. Another $5,000 appropriation to this fund was voted in March, 1927,

for use in 1928. The annual appropriations were voted to meet general needs of the town for road and bridge use and maintenance without any thought of using any of it for the project now under consideration. The board contemplated using the appropriation in construction work, grading, graveling and maintenance, including the installation of necessary culverts; and it is apparent that the ordinary requirements will substantially consume the appropriation. As to the finances and general requirements, there is no substantial controversy.

The court found that defendants have persistently, arbitrarily, wilfully and capriciously refused to open and improve the road; that defendants have sufficient money in their treasury and under their control belonging to the road and bridge fund unappropriated and available for opening the road and making it suitable for safe public travel, including the construction of a necessary bridge; and that they have the facilities for providing the means and finances necessary therefor.

1. This writ does not lie to control or coerce the discretion or judgment conferred upon public officials. It will lie to compel the exercise of discretion but not to compel a particular exercise thereof. It lies only to compel the performance of a duty which the law clearly and positively requires an official or tribunal to perform. When the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment, the act is ministerial. Discretion is the power or right of acting officially according to what appears best and appropriate under the circumstances. It cannot be controlled.

When an improvement rests in the discretion of public officials it will seldom be coerced by mandamus. Anno. 46 A. L. R. 276. It has been repeatedly said that such should not be done unless the right is so plainly and imperatively required that a refusal or neglect to act cannot be reasonably based upon grounds of discretion. State ex rel. Smith v. Town of Somerset, 44 Minn. 549, 47 N. W. 163; State ex rel. Olson v. Commrs. of Renville County, 83 Minn. 65, 85 N. W. 830; Olson v. Honett, 133 Minn. 160, 157 N. W. 1092,

1103. In Leonard v. Wakeman, 120 Iowa, 140, 142, 94 N. W. 281, the court said: "It would be a novelty if, after the board of supervisors have determined that the public interests do not require the erection of a bridge, the district court should upon the application of a private individual overrule that decision."

This writ will enforce only those legal rights which are clear and complete and which the law clearly and positively requires. Such are ministerial duties. The writ will not control discretion. It will not direct how a duty is to be performed.

2. There is no doubt but that defendants are charged with the duty of removing the fences and obstructions and opening this road, and the writ should so issue. The expense thereof will be comparatively small and clearly within its means. When this is done, the town will undoubtedly recognize that its duty commands some attention to this road commensurate with its relative importance as compared to other roads in the town. If so it will soon have proper improvement.

3. The money which was appropriated by the electors of the town at their annual meeting in March, 1926 and 1927, was not appropriated for this particular project. In fact it was all voted for general roads and bridges of the town, some to be used in grading, some for culverts or bridges, some for repair on such, some for graveling, etc. Who is to determine how it is to be used? On which particular road? And on which particular place thereon? Where? When? For what? The town board has the general care and supervision of the town roads. G. S. 1923, § 2571. It has the right and duty to determine all these questions having in mind what is for the best interest of the public and the community. To perform this duty it is called upon to determine, consider and decide elements and various things in order to arrive at what, in its judgment, seems best and appropriate under the circumstances. Such duties in their very nature are discretionary. Here we find defendants charged with the duty to open and improve this road. They also have their duty in reference to roads generally and for which the money was appropriated. The extent, nature and rela-

tive importance of this improvement with other improvements, repairs and maintenance which may be deemed to be necessary throughout the town are matters concerning which, in general, the discretion of the supervisors, and not of the courts, must be exercised. This is sufficient to show that discretion is involved.

4. Where discretion of public officials has been exercised in a clearly arbitrary and capricious manner the court may exercise control. Olson v. Honett, 133 Minn. 160, 157 N. W. 1092, 1103. We will assume, without deciding, that the finding in this case of such abuse of discretion was proper. It is clear that the writ would not permit any official discretion in the disposition of the income of 1928 to the extent used in this project.

5. We are of the opinion that the court erred in making its finding that defendants have sufficient funds unappropriated and available for making the designed improvement. It is doubtful if this finding is literally true. But assuming that there are funds available and sufficient for this project, that is not enough. It must be made to appear that there are funds sufficient to carry out this project and also to do whatever else may, in the reasonable judgment of the board, be needful on the other town roads. State ex rel. Smith v. Town of Somerset, 44 Minn. 549, 47 N. W. 163. No effort has been made to do this; and indeed the record seems to negative the possibility thereof. Consequently the judgment will be modified limiting the writ to a direction to remove the fences and obstructions and open the road.

Modified.