R. W. POWELL AND ANOTHER v. TOWNSHIP OF CARLOS AND OTHERS.[1]

May 3, 1929.

No. 27,225.

[1]Reported in 225 N. W. 296.

*Frankberg, Berghuis & Frankberg, Roger L. Dell* and *F. E. Mc-Allister,* for appellants.

*Leach & Swore* and *Ralph S. Thornton,* for respondents.

DIBELL, J.

An alternative writ of mandamus was issued on the relation of R. W. Powell and another to the township of Carlos in Douglas county and its officers to compel the removal of trees, hedges, shrubbery, and other like obstructions in a road of the town under the provisions of G. S. 1923 (1 Mason, 1927) § 2609. The town and its officers demurred to the writ, the demurrer was sustained, and the relators appeal.

The section cited gives to the town board the "right and power to determine upon the necessity and order the cutting down of hedges and trees within the road limits after having given ten days' written notice to the owner or owners of the abutting land and an opportunity to be heard. Provided, that trees, other than willow trees, shall not be so cut down unless such trees or hedges, or either of them, interfere with keeping the surface of the road in good order, or cause the snow to drift onto or accumulate upon said road in quantities that materially obstruct travel."

The statute further provides that the town board, if it determines that the cutting down of trees is necessary, shall give notice to the abutting landowner and require him to cut them within 30

days; and if he fails to do so the board shall cut and sell the trees and after paying the expenses pay the balance, if any, to the abutting owner. This statute is in recognition of the abutting landowner's ownership to the center of the street and his right to timber growing thereon. Pederson v. City of Rushford, 146 Minn. 133, 177 N. W. 943, and cases cited; Town of Rost v. O'Connor, 145 Minn. 81, 176 N. W. 166, 9 A. L. R. 1265; West v. Village of White Bear, 107 Minn. 237, 119 N. W. 1064.

The writ alleges that abutting landowners on a designated highway permitted to remain thereon trees, hedges and shrubbery which resulted in an unnatural, dangerous and unnecessary curve in the ·traveled portion of the highway, making travel dangerous and hazardous to the public; that such trees caused the snow to drift across the highway in such way as to render travel at times impossible; that the relators found it impossible to' use the highway during the winter months in periods of snowfall; that mail carried on the highway was delayed; that they had petitioned the town board for relief; that the board met upon the road and had a hearing; that they denied relief; that the conditions present showed that the trees should be removed at least to the extent of obviating the unnatural and dangerous curve; that witnesses testified at the hearing that the conditions were as stated in the writ and no one disputed them; that the duty of the town board to grant relief was so plain that its refusal could not be justified upon the ground of discretion; and that its denial of relief was arbitrary, capricious and without foundation. The relators by reason of their ownership of property abutting on the highway are in position to invoke a remedy, if there be one.

■ The control of town highways is put by statute in the town board. The statute with which we are concerned confers upon it the "right and power to determine upon the necessity" of the removal of trees. It exercises its discretion, and its discretion cannot be controlled by 'the court. State ex rel. Smith v. Town of Somerset, 44 Minn. 549, 47 N. W. 163; State ex rel. Olson v. Commrs. of Renville County, 83 Minn. 65, 85 N. W. 830; Olson v. Honett, 133 Minn. 160, 157 N. W. 1092, 1103; Romsdahl v. Town of Long Lake,

175 Minn. 34, 220 N. W. 166. Once its fair judgment is exercised, there is no judicial remedy. For unsatisfactory action there may be a political remedy.

■ Mandamus lies to compel the exercise of discretion but cannot control it. It compels action but not the manner of the exercise of judgment. State ex rel. Smith v. Town of Somerset, 44 Minn. 549, 47 N. W. 163; Olson v. Honett, 133 Minn. 160, 157 N. W. 1092, 1103; State ex rel. Olson v. Commrs. of Renville County, 83 Minn. 65, 85 N. W. 830; Romsdahl v. Town of Long Lake, 175 Minn. 34, 220 N. W. 166; Note, 46 A. L. R. 276.

There may be rare cases where the officials act in so clearly an arbitrary and capricious manner that their action may be reviewed on mandamus. Olson v. Honett, 133 Minn. 160, 157 N. W. 1092, 1103; Romsdahl v. Town of Long Lake, 175 Minn. 34, 220 N. W. 166. In Olson v. Honett, the court overruled a demurrer to the writ and said [133 Minn. 162] that "if it is made to appear that the discretion has been exercised in a clearly arbitrary and capricious manner the lower court should be sustained in its ruling." And in Romsdahl v. Town of Long Lake the court said [175 Minn. 38] that "where discretion of public officials has been exercised in a clearly arbitrary and capricious manner the court may exercise control." The allegations of the writ as to arbitrary action are sufficient to put the defendant to an answer and to require a trial. There may be enough to suggest, in view of the very definite discretion resting with the board, that a trial likely will not result favorably to the relators, but still the allegations of the writ are sufficient.

■ Mandamus is an extraordinary legal remedy. It is granted only when the right is clear. The town board cannot be required to proceed if it has no funds. It must appear that it has funds. It is held that the writ must allege that the board has the funds with which to proceed. State ex rel. Gericke v. City of Ahnapee, 99 Wis. 322, 74 N. W. 783; State ex rel. Winslow v. Supervisors of Mount Pleasant, 16 Wis. 643; People ex rel. Commrs. of Highways v. Bd. of Supervisors, 234 Ill. 412, 84 N. E. 1043. This view is

376,

suggested though not directly held in Olson v. Honett, 133 Minn. 160, 157 N. W. 1092, 1103; Romsdahl v. Town of Long Lake, 175 Minn. 34, 220 N. W. 166; State ex rel. Phillips v. Neisen, 173 Minn. 350, 217 N. W. 371. It may be argued that want of funds is defensive matter; but the nature of the writ of mandamus justifies a holding that it must appear by the writ that there are funds, and we so hold. There is no allegation to that effect in the writ, and it fails to state a cause of action.

The relators allege that at the hearing before the board they offered to pay, and still offer to pay, the expense of cutting and removing the trees and to save the defendants harmless. The board if without funds is not required to take funds provided by private parties. Their offer, as remarked by the trial court, does not obviate the difficulty. The board cannot be compelled to use other than public funds.

Order affirmed.

