## STATE EX REL. ANTON LINBO AND OTHERS v. JAKE MARTIN AND OTHERS.[1]

March 7, 1930.

No. 27,713.

*Wright, Nelson & Plunkett,* for appellants.
*Baudler Brothers,* for respondents.

HOLT, J.

Relators appeal from the order denying a new trial. The action was mandamus to compel the members of the town board of the town of Sargeant, Mower county, to put in condition for safe travel what is claimed to be its portion to maintain of the road which separates the town of Sargeant from the adjoining town to the north, Vernon, in Dodge county.

[1]Reported in 229 N. W. 577.

This east and west road, four rods wide, was laid out in 1876 on the town line by the joint action of the respective town boards. The order laying out the road reads:

"Beginning at the N. W. corner of Section (6) Town (104) of Range 16 west, thence running East the Town Line between the Towns of Sargeant and Vernon between Sections 6 & 31, 5 & 32, 4 & 33, 3 & 34, 2 & 35 and 1 & 36 Terminating on the County Line Between Dodge and Olmsted County."

It was also then ordered that such highway be "divided into Two Road Districts as follows—one of said Road Districts the Eastern three miles shall be allotted to the town of Vernon and residue of said highway shall be the other Road District and allotted to the town of Sargeant."

It appears that correction lines in the government surveys have brought the east boundary of Vernon township one-half mile east of the east boundary of Sargeant township, and the west boundary of the latter one-half mile west of the boundary of Vernon township. Each township being six miles in width from east to west, only five miles of the boundary line between them is common to both. Hence the town boards of these two towns acting jointly had no authority to lay out the road which was established except for a distance of five miles, namely from the southwest corner of Vernon to the northeast corner of Sargeant, nor to apportion for maintenance more than five miles. But since the road as laid out was opened and has been traveled since 1876 from its point of beginning at the northwest corner of Sargeant to the northeast corner thereof its status as an established public highway for that distance cannot be disturbed. The order laying out the road may also be read as having for the easterly terminus thereof the northeast corner of Sargeant rather than the southeast corner of Vernon; for, proceeding from the point of beginning easterly, the boundary line between Dodge and Olmsted counties is encountered first at that corner. To strengthen this view is the fact that no public road was ever opened farther east. The trial court however was of the opinion that the

town boards intended to have the road laid out to the southeast corner of Vernon, but that the order establishing the road had no validity farther than to the northeast corner of Sargeant. It also appears that the town of Sargeant has entered an agreement with the town of Hayfield, which adjoins the westerly half mile of the road, for a division of the maintenance of that half mile. The court found that the maintenance agreement of 1876 between the towns of Vernon and Sargeant was based on the assumption that Vernon would open and maintain three miles of highway from the southeast corner of its territory, and that had Vernon so done the disputed portion would have to be maintained by Sargeant. This not having been done, the court concluded that the minds of the township boards never met as to a division. Evidently the court came to this conclusion because the boards mistakenly thought they were dividing a six-mile stretch of road common to both, whereas there was only a five-mile portion, with the maintenance of which the two towns were jointly concerned. The judgment ordered, except as to quashing the writ, merely advises the boards of the two towns to meet in joint session and apportion or agree as to the maintenance of the road in dispute. Neither Vernon township nor its town board were parties to this suit, and so the judgment could not well go further than was ordered in respect to that phase of the matter involved.

It appears that there was no record of the division agreement in the town clerk's office of the town of Sargeant until in June, 1921, when the town board of Vernon had a meeting with Sargeant town in regard to the road, at which time the town clerk of Sargeant copied into his record of the laying out of this road the maintenance agreement as found in the records of the town clerk of Vernon. Before this occurrence the town of Sargeant for at least a number of years had maintained, in some degree, the westerly three and one-half miles of the road, that is, up to the quarter post in section 3 of Sargeant township, which is the same as the southeast corner of section 33 in Vernon township; but since the town of Sargeant has refused to maintain the half mile between the northwest corner

of its section 3 and the southeast corner of section 33 in Vernon, and the electors of Sargeant have directed its town board not to maintain it.

Appellants claim that the construction placed upon the agreement by these towns for a long period of time is conclusive that Sargeant should maintain the half mile in dispute. But it is doubtful whether this rule of practical construction is here to be applied. Authority of the boards jointly to lay a road farther east than the northeast corner of Sargeant was wanting, and with that in mind it is clear without resorting to practical construction that at that point the road encountered the line between Dodge and Olmsted counties. And, again, members of town boards shift often. At least one board as early as 1893 refused to act in accordance with the construction some previous board had placed on the agreement. The bridge upon the half mile in controversy was built by the county of Mower, and it is to be inferred that the work expended on any part of the road was not great. No town board of Sargeant appears to have seen the agreement from the time it was made until 1921. It is questionable whether the conduct of one town board should bind successors in office with reference to the construction of a contract which none of them had seen and which was not in the custody of the town clerk. The situation revealed by the findings and testimony herein shows that appellants have no clear right to the extraordinary remedy of mandamus. See 4 Dunnell, Minn. Dig. (2 ed.) § 5756, and the cases there cited. We may also question whether such an agreement for road maintenance is perpetual. May not subsequent developments require modification? It appears here that a part of the road allotted to the town of Vernon has become a state aid road, relieving that town entirely of its maintenance.

The respondents pleaded and proved facts which justified the conclusion of law that the writ be quashed. This is so regardless of the obligation of Sargeant town to keep the neglected part of the road in repair. The evidence is such as to compel a finding, though none was made, that there were no funds available in the town of Sargeant for repair of roads. In fact the funds appropriated for

that purpose were more than exhausted, and other roads were in as deplorable condition as the one in question. Under such circumstances the court will not by mandamus compel the town board to repair or improve the road. Olson v. Honett, 133 Minn. 160, 157 N. W. 1092, 1103; Romsdahl v. Town of Long Lake, 175 Minn. 34, 220 N. W. 166; Powell v. Township of Carlos, 177 Minn. 372, 225 N. W. 296. Want of funds might not be sufficient to prevent an adjudication that the town of Sargeant assume jurisdiction of the maintenance of a certain part of this town line road were it clearly proved which part its agreement embraced. This, as already stated, was not done.

The order is affirmed.