GEORGE WAGNER AND OTHERS v. TOWNSHIP OF CARLOS.[1]

February 20, 1931.

No. 28,306.

[1]Reported in 235 N. W. 27.

*Frankberg, Berghuis & Frankberg,* for appellants.
*Leach & Swore* and *R. S. Thornton,* for respondent.

HILTON, J.

Plaintiffs appeal from a judgment. They petitioned the town board of Carlos township, Douglas county, asking for the removal of certain claimed obstacles and obstructions consisting of trees, shrubbery, bushes, and other things of a like nature, including permanent gateposts that had been put upon private property but some of which were in the right of way of a described portion of a public highway. The petition sufficiently set forth that such obstacles and obstructions interfered with public travel in the manner covered by the 1929 law hereinafter referred to. Upon the filing of the petition the town board met according to law and gave a notice of hearing. It met at the time stated in the notice, at the location described therein, and after a hearing denied the petition. An appeal was taken to the district court, and from the judgment there entered this appeal is taken.

The controversy relative to the subject matter of the petition was before this court in the case of Powell v. Township of Carlos, 177 Minn. 372, 225 N. W. 296. The fact as recited in that opinion in so far as they go are applicable to the case at bar. In the Powell case the statute then in force was G. S. 1923 (1 Mason, 1927) § 2609. It was amended by L. 1929, p. 424, c. 329, which, after restating the previous law, added a subdivision authorizing an appeal to the district court from an order such as is here involved, no such right of appeal theretofore existing.

L. 1929, p. 424, c. 329, § 1, subd. 1, provides in part:

"The town boards of supervisors, as to town and county roads, outside of the corporate limits of cities and villages, * * * are hereby given the right and power to determine upon the necessity and order the cutting down of hedges and trees within the road limits after having given ten days' written notice to the owner or

owners of the abutting land and an opportunity to be heard. Provided, that trees, other than willow trees" (the remainder of this proviso is later quoted in the order of the court).

Upon the trial in this case the court submitted the following question for the jury's determination:

"In refusing to grant the petition to cause the removal of the trees, hedges and other obstructions within the road limits, did the town board of Carlos township act arbitrarily, oppressively and against the best interests of the public?"

The question was answered in the affirmative; the court made correct findings of fact relative to the situation, including the verdict of the jury, and in its conclusions of law reversing the order of the town board ordered that judgment be entered "requiring and ordering said town board to cause to be cut down and removed all hedges, trees and obstructions of every kind and nature whatsoever within the limits" of the described road, in accordance with L. 1929, p. 424, c. 329.

This order, as well as the petition, included the removal of some things not authorized by the 1929 law and in all things substituted the determination of the court as to what should be removed in place of the determination vested by law in the town board. It cannot be said that the exercise of judicial discretion was involved.

The town board moved for judgment notwithstanding the verdict and in case there be a denial thereof, then that the verdict, findings of fact, conclusions of law, and order for judgment be vacated and set aside and a new trial granted. The court denied the motion except as to the conclusions of law and order for judgment. These were modified by requiring and ordering the board (in the language of the statute) to cause the cutting down of such hedges and trees within the road limits abutting the property described in the petition;

"provided, however, that trees other than willow trees shall not be so cut down unless the trees or hedges or either of them interfere with keeping the surface of said road in good order, or cause the

snow to drift onto or accumulate upon said road in quantities that materially obstruct travel, * * *."

Judgment was accordingly entered.

The trial court expressed the opinion that its original order for judgment went farther than was warranted by the 1929 law. This view was predicated upon the proposition that a court cannot substitute its own judgment for that of a legislative body, which in this case the town board was. It was further asserted that if it possessed the power to review the order of the board, it could not order the removal of trees and hedges other than those that "interfere with keeping the surface of said road in good order, or cause the snow to drift onto or accumulate upon said road in quantities that materially obstruct travel."

It was further stated by the court that it would not be permitted to determine what trees or hedges should be cut down to accomplish the purpose intended and that it could not in response to the petition order the removal of obstructions such as gateposts, but must confine itself strictly to a reversal of the order. The court was of the opinion that the amended act was unconstitutional in so far as it gave the right of trial de novo upon appeal, but that there was enough in the act to warrant appeal proceedings in this case.

The town board in acting under the 1929 law cannot go beyond its express terms; and, as has been noted, that law provides for the removal of only trees and hedges; it does not cover gateposts or similar obstructions.

In the Powell case, 177 Minn. 372, 374, 225 N. W. 296, 297, among other things the court said:

"The control of town highways is put by statute in the town board. The statute with which we are concerned confers upon it the 'right and power to determine upon the necessity' of the removal of trees. It exercises its discretion, and its discretion cannot be controlled by the court [citing cases]. Once its fair judgment is exercised, there is no judicial remedy. For unsatisfactory action there may be a political remedy."

We adhere to this view.

Appellants' assertion that the judgment leaves the situation exactly as it was before they took their appeal from the original order of the town board is correct only in part. Assuming that the town board did act "arbitrarily, oppressively and against the best interests of the public" in denying the petition, the judgment herein requires it to do its duty under the 1929 law. If the previous action of the board was as found by the jury, it by no means follows that it would act arbitrarily, etc. when it acts pursuant to the mandate of the court. Conditions may or may not have changed; the conclusion reached by the board may be the same or different. Be that as it may, however, the court may not control its action as was attempted in the original order of the court.

If the town board had ordered the removal of certain trees only and the court and jury had determined that more or fewer of them should have been included in the order or that certain hedges should or should not be removed, could the court require such action in accordance with that determination? We think not.

The presumption maintains that public officials will do their duty. In this day and age it cannot be that such officials to whom has been intrusted an important statutory duty will prove recreant to that trust. If perchance they do so prove, the remedy is a political one to be exercised by the voters in electing a board that will do its duty; it is not by the usurpation of legislative powers by the court.

Upon the authority of the Powell case, 177 Minn. 372, 225 N. W. 296, and the decisions cited therein, the judgment is affirmed.

Judgment affirmed.