## INTERNATIONAL HARVESTER COMPANY OF AMERICA v. N. W. ELSBERG.[1]

May 8, 1936.

No. 30,856.

*Harry H. Peterson,* Attorney General, *Ordner T. Bundlie,* Assistant Attorney General, and *E. P. Lee,* Special Assistant Attorney General, for appellant (respondent below).

*Courtney & Courtney,* for respondent (relator below).

[1]Reported in 268 N. W. 421.

HILTON, JUSTICE.

This is an appeal from an order overruling a demurrer to a petition for an alternative writ of *mandamus*.

October 10, 1933, the appellant, N. W. Elsberg, state commissioner of highways, duly let to Frank Andrews, an individual doing business as the Consolidated Construction Company, a contract for the construction of a portion of a trunk highway. On the same date Andrews filed a bond with the commissioner which the latter approved. Said bond was executed by Andrews as principal and purported to bind the Firemen's Fund Indemnity Company as surety. The purported execution by that company was a forgery.

Andrews proceeded to do the work under the contract and engaged Martin Erickson, Paul Finstad, Paul Feiring, and Jesse J. Smith as employes and truckers on the work. November 2, 1933, those four assigned to the petitioner here, International Harvester Company of America, part of the amount they so earned. In addition thereto, petitioner had furnished assignors repairs for their trucks used in the construction work.

Erickson, Finstad, Feiring, and Smith instituted actions in district court against Andrews and the Firemen's Fund Indemnity Company for services performed in the construction of the road. The petitioner was ordered by the court to intervene. The Firemen's Fund Indemnity Company escaped liability as the bond was forged. Judgments for the amounts claimed were entered against Andrews in favor of the petitioner as assignee of the claimants' rights. The judgments have never been satisfied.

Petitioner, alleging the above facts, sought a writ of *mandamus* to compel the commissioner of highways to pay these judgments out of certain monies appropriated by the 1935 session of the legislature. The lower court overruled appellant's demurrer to the petition and certified the question as being important and doubtful.

In its petition for the writ the petitioner alleged that the commissioner of highways was liable to the petitioner by virtue of L. 1935, c. 309. That act insofar as is here pertinent provided:

"The Commissioner of Highways is requested and directed upon receiving receipt and discharge in full from each of the persons,

firms, corporations, * * * hereinafter named for property damaged * * * and reimbursement for payment of claims arising out of construction of Trunk Highway on account of insolvency of contractor and forgery of contract bond, to pay out of the Trunk Highway fund to * * * each of the persons, firms or corporations hereinafter named the sums herein set opposite the respective names of * * * each of said persons, firms or corporations respectively as follows, to-wit: * * *." The names and the specified amounts were then set out.

The title of the act authorizes "an action against the commissioner of highways for the recovery of any of the claims hereinafter specified, so far as any of the same shall be judicially determined to be a legal claim against the trunk highway fund * * *." There has been no action of any kind against the commissioner except the present proceeding. The claims were not to be paid until it had been "judicially determined" that they were legal claims against the highway fund. That has not been done. The highway department has not had an opportunity to contest the extent of the claims nor its liability therefor, if any.

Section 20 of the act states:

"The foregoing claims have been allowed for the purpose of permitting the claimants to contest their rights in the courts, if any they have, against the Highway Department."

Certainly no rights have been contested. If there were any they could not be determined in a proceeding for a writ of *mandamus*. The writ is issued only where there already exists a legal right so clear that it does not admit of any reasonable controversy. Olson v. Honett, 133 Minn. 160, 157 N. W. 1092, 1103. No such right has been shown here.

Further, § 20 states:

"The amount allowed is in no way to be construed as involving the sums of money that should actually be paid, but have been put into the various sections of this bill for the purpose of giving the claimants a chance to have a day in court."

That provision refutes the proposition that petitioner has a clear legal right to the sums specified in the act. To allow the writ to issue would be determinative of the fact that petitioner was entitled to the entire amounts appropriated without it ever having been judicially determined. Under §. 20 the claims were to be "adjudicated in the usual way as a matter of law." The writ of *mandamus* is an extraordinary remedy. Olson v. Honett, 133 Minn. 160, 157 N. W. 1092, 1103. It is not an adjudication "in the usual way."

At no time has a court of competent jurisdiction determined that the highway department was liable either to the petitioner or to any of its assignors in any amount whatsoever with respect to the contract work done by Andrews. The question here then is whether without such an adjudication the legislature has authorized payments of the amounts set forth in the act. Petitioner contends it has. Such a construction would place an unreasonable interpretation upon the wording of the act. That intention is expressly negatived in § 20 wherein it is stated: "The amount allowed is in no way to be construed as involving the sums of money that should actually be paid."

The history of this act indicates that the bill as originally introduced in the senate was worded so as to be an outright appropriation bill to the persons named of the amounts set out. However, with amendments, as enacted, it is far from that. The language of the act shows clearly that it was the intention that claimants were to be permitted to test their rights in court and then after their claims had been "judicially determined" provision was made for their payment in case it was found that the highway department was liable. Until then no duty devolves upon the appellant to pay the parties named in the bill the amounts therein specified.

The order appealed from is reversed.