STATE EX REL. TOWN OF KRATKA v. COUNTY OF
PENNINGTON AND OTHERS.[1]

January 16, 1942.

No. 33,082.

*Paul A. Lundgren,* County Attorney, for appellants (respondents below).

*Theodore Quale,* for respondent (relator below).

HILTON, JUSTICE.

*Mandamus* proceedings were instituted by relator, town of Kratka, against the auditor and treasurer of Pennington county to compel them to pay over money representing taxes collected for relator by the treasurer and settled by the tax settlement of October 1939. In defense, the auditor replied that, acting under the directions of the state public examiner, he set off the amount due to relator against a greater amount claimed to be due from relator in consequence of the insolvency in 1925 and 1926 of certain

[1]Reported in 2 N. W. (2d) 41.

county depositories. For prior years the county officials had paid to relator the amounts due under each tax settlement. The appeal here is from a judgment ordering the writ of *mandamus* to issue.

In our opinion, the county auditor improperly adopted the suggested expedient to raise the question of which, as between the county and the town, should stand these insolvency losses. *Mandamus* is the proper remedy to compel a public officer to perform a positive statutory duty. Mason St. 1927, § 9722; Romsdahl v. Town of Long Lake, 175 Minn. 34, 220 N. W. 166; see State ex rel. Phillips v. Neisen, 173 Minn. 350, 352, 217 N. W. 371. As we read the applicable statutes, that duty is unequivocal.

Under the procedure prevailing in this state, taxes voted by a town board must be certified to the county auditor (§ 2058), who is required to calculate the rate, keeping it within legal bounds (§ 2059), and thereafter to extend it upon the tax list (§ 2071) for ultimate collection by the county treasurer. (§ 2074.) "The county treasurer shall be the receiver and collector of all the taxes extended upon the tax lists of the county, whether levied for state, county, city, town, * * * or other purposes." (§ 2075.)

"On the last day of February, May, and October of each year, the county treasurer shall make full settlement with the county auditor of his receipts and collections for all purposes, from the date of the last settlement * * *. At each settlement the treasurer shall make complete returns of his collections on the *current tax list,* showing the amount collected on account of the several funds included in said list." (§ 2082.)

In accordance with this requirement, in October 1939, as in previous years, the auditor and treasurer of Pennington county met together and settled the amount of $431.41 as due to relator upon the current tax list. This was the last occasion in 1939 for the auditor and treasurer authoritatively to compare collections against expectations. Also, it was the occasion for relator to discover to what extent its levy had produced the desired revenues.

At the time of each settlement, "the county auditor and county treasurer shall make distribution of all undistributed funds re-

maining in the treasury, apportioning the same as provided by law, and placing the same to the credit of the \* \* \* town \* \* \* The county auditor shall issue his warrant for the payment of any moneys remaining in the county treasury to the credit of the \* \* \* town \* \* \* on application of the persons entitled to receive the same." (§ 2083.) "Immediately after each settlement \* \* \* the county treasurer shall pay over to the treasurer \* \* \* of any town, \* \* \* on the warrant of the county auditor, all moneys received by him arising from taxes levied and collected belonging \* \* \* to such municipal corporation." (§ 2084.)

It is with these latter provisions that there has been no compliance. The excuse offered by the officers for their failure to comply with the specific commands of the law is the legal contention that the town must stand its proportionate share of the insolvency losses. The county treasurer, it is contended, acts only as the town's agent in collecting and depositing its taxes in specified depositories. (§ 846.) Thus the town must share the risk of insolvency of such depositories along with the county and other taxing subdivisions for whom the treasurer acts. (§ 2075.)

Other than § 2075, no provision of law is pointed to as enunciating or compelling the acceptance of this proposition. But the duties of the auditor and treasurer are by statute made most explicit and definite. So we are not constrained to sanction the use of a doubtful legal contention to excuse the failure of public officials to comply with positive legislative direction. Refusal of the auditor to issue a warrant to relator for moneys collected and determined to be available and due could not but leave the financial affairs of the town in turmoil. Under the prevailing statutory scheme, the municipal well-being of relator was wholly dependent upon the prompt and efficacious compliance by county officials with the legislative safeguards. The county is not without a remedy in a proper proceeding to raise the question of the proper distribution of the insolvency losses. But there is completely absent from this proceeding any clear legal justification

for the refusal to pay over the amount of current tax collections. Judgment affirmed.