STATE ex rel. M. W. FITZGERALD v. JESSE FOOT.[1]

July 13, 1906.

Nos. 14,742—(151).

**Judgment against County—Payment.**

The county treasurer of Ramsey county is not by section 646, G. S.
1894, authorized without an order or warrant of the county auditor to pay
the amount of a judgment against the county upon presentation to him of
a certified copy of the judgment and a voucher for the payment thereof.

Alternative writ of mandamus issued from the district court for
Ramsey county upon relation of M. W. Fitzgerald, requiring respond-
ent as county treasurer to pay to relator the amount of a judgment
recovered by him against the county, or show cause to the contrary.
The case was tried before Brill, J., who found in favor of respondent,
directing that the alternative writ be quashed and denying a peremptory

[1] Reported in 108 N. W. 932.

writ. From an order denying a motion for a new trial, and from a judgment entered pursuant to the findings, relator appealed. Order and judgment affirmed.

*William G. White,* for appellant.

*Thomas R. Kane* and *O. H. O'Neil,* for respondent.

ELLIOTT, J.

The district court granted a temporary writ of mandamus, and thereafter, upon a hearing, quashed the writ and refused a permanent writ. From a judgment entered thereon, the relator appeals to this court.

Upon December 8, 1905, the relator, who is the register of deeds of Ramsey county, recovered a judgment against the county of Ramsey for the sum of $539.60. No appeal was taken, and after the time to appeal had expired the relator caused a duly-certified copy of the judgment and a proper voucher for its payment to be presented to the treasurer of the said county, and demanded payment of the amount of the judgment. On January 15, 1906, when the demand was made, there were sufficient funds in the treasury belonging to the county to pay the judgment. The respondent refused to make the payment, for the reason, as stated in his answer,

> That at no time did said relator present or cause to be presented to your respondent an order or warrant drawn upon him as such county treasurer by the county auditor of Ramsey county for the payment of said judgment, and that your respondent is not required or authorized to pay said judgment or any part thereof until the relator shall have procured from the county auditor of said Ramsey county and presented to respondent the order or warrant of said county auditor directing the respondent as such treasurer to pay said judgment.

In view of the nature of this controversy, and the fact that it does not appear but that relator could get his money by the very simple method of obtaining a warrant from the auditor and presenting the same to the treasurer, we might very properly dispose of the appeal by holding that under the circumstances it was discretionary with the trial court to grant or refuse a writ of mandamus. It does not appear

that there are any exceptional circumstances which would result in a failure of justice, had the parties been left to the ordinary remedies. State v. U. S. Express Co., 95 Minn. 442, 104 N. W. 556. But an examination of the various provisions of the statutes applicable to Ramsey county satisfies us that the writ was properly denied upon the merits.

The appellant's contention rests upon a construction of the proviso in section 646, G. S. 1894. The section is as follows:

> When any judgment is recovered against the board of commissioners of any county or against any county officer in any action prosecuted by or against him in his name of office where the same is to be paid by the county, no execution shall be awarded or issued upon such judgment, except as herein provided. But unless reversed, the amount of such judgment shall be levied and collected as other county charges, and when so collected shall be paid by the county treasurer to the person in whose favor such judgment was rendered, upon the delivery of a proper voucher therefor, but if payment is not made in thirty days after the time the collector of taxes is required by law to make his return of county taxes, next after the rendition of such judgment, then execution may be issued on such judgment, but the property of the county only is liable thereon; provided that if at the time of the rendition of such judgment there are sufficient funds belonging to the county in the treasury, the treasurer shall pay the same upon application being made to him by the person in whose favor such judgment was rendered, his agent or attorney.

This section must be construed in connection with the other provisions of the statutes. The preceding section (section 645) provides for the trial in the district court of appeals from the board of county commissioners, and for appeals to the supreme court within a certain time. If no appeal is taken within the time, a certified copy of the judgment shall be filed in the office of the county auditor, "in all of which cases after a certified copy of the judgment is filed in the office of the county auditor orders shall be drawn on the county treasury in payment of any judgment in favor of a claimant." The relator

claims that the provisions of this section are modified by the proviso of section 646, and that, where there are funds in the treasury, the treasurer is required to pay the judgment creditor without the order of the county auditor. It would require too much space to set out all the provisions of the statutes which seem to have a bearing upon the question, and this is rendered unnecessary by the very full and satisfactory memorandum of the trial court. It is the evident purpose that the records in the county auditor's office shall disclose the exact financial condition of the county. See G. S. 1894, §§ 716, 718, 719, 727, 1565. The auditor is required to keep an account of the receipts and disbursements of the treasurer, and unless the auditor issues a warrant and receives it back when paid it is impossible for him to properly perform his functions as a bookkeeper in keeping an account of the receipts and disbursements of the treasury.

We think the trial court was right in holding that section 646, provides that the county shall not be obliged to pay, and the judgment creditor shall not be allowed to enforce his judgment by execution until the county has had an opportunity to raise the amount of the judgment by taxation. When the amount is raised, it shall be paid; or, if the officials neglect their duty in that regard, the creditor may have an execution. Having thus provided for delay until a tax is levied and collected, it is provided, if funds applicable are already in the treasury when the judgment is rendered, that payment shall be made at once. The warrant of the auditor required in all cases by other sections of the statute is not dispensed with.

Judgment and order affirmed.