## STATE EX REL. RICHARD F. SPURCK v. KENNETH C. PENNEBAKER.[1]

April 22, 1943.

No. 33,232.

[1] Reported in 9 N. W. (2d) 259.

*J. A. A. Burnquist,* Attorney General, *Chester S. Wilson,* Deputy Attorney General, and *John A. Weeks,* Assistant Attorney General, for appellant (respondent below).

*Frank E. McAllister,* for respondent (relator below).

JULIUS J. OLSON, JUSTICE.

This case in its substantial aspects might well be deemed a companion case to that of State ex rel. Sime v. Pennebaker, 215 Minn. 75, 9 N. W. (2d) 257. As in that case, we shall refer to relator in the court below as plaintiff and to respondent as defendant. The appeal to this court is from an order denying defendant's motion for amended findings or a new trial.

Unlike the Sime case, there was here a trial upon issues duly framed, and the record contains the testimony offered and received at the trial, including as well the findings of fact and conclusions of law made by the trial court. These may be thus summarized: Plaintiff is a citizen of this state and an honorably discharged soldier of World War I, and as such entitled to permanent civil service status under the provisions of the civil service act, L. 1939, c. 441, §§ 12(1, 3) and 38, Minn. St. 1941, §§ 43.12, subds. 1, 3, and 43.34 (Mason St. 1940 Supp. §§ 254-60, 254-86); that he was and is an attorney at law, duly admitted and licensed to practice; that as of April 22, 1939, he was performing duties as legal consultant and performing legal services as an attorney at law for the state in connection with its relief program; that he had been in such services and in various capacities continuously from July 1934; and that his right to classification and allocation under the aforesaid act is clear and mandatory. In addition, the court found as a fact that no original classification or allocation of relator (plaintiff) as of April 22, 1939, has ever been made by respondent

(defendant). It therefore concluded that plaintiff was "clearly entitled to be allocated and classified by respondent as of April 22, 1939, in accordance with the provisions" of the act. A peremptory writ of *mandamus* was ordered requiring defendant to classify plaintiff "in his position and employment as of April 22, 1939, and further allocating him in his position and employment in the classified service to one of the grades and classes within the classification."

That there was but one question before the trial court, so considered by both court and counsel, cannot be doubted, since, at the end of the trial, this appears:

"The Court: I take it I have only one issue here and that is as to whether or not this man [plaintiff] was entitled to an allocation as of April 22, 1939.

"Mr. McAllister: That is right.

"The Court: And whether he got it.

"Mr. McAllister: That is right."

No suggestion of any other issue was made by anyone. The problem here, therefore, is whether the evidence sustains the trial court in its findings that there has been "no original classification or allocation" of plaintiff "as of April 22, 1939."

■ On the subject of original allocation, we have relator's exhibit D, a written notice to plaintiff dated April 15, 1940, stating: "You are hereby notified that your position has been allocated to the class: Executive I." That communication also states:

"If, after a careful study of the specification, you feel that you would like to submit additional information to justify allocation to a different class of positions, the civil service law provides that you may make an appeal to the Civil Service Board within thirty days after receipt of this notice."

As to the efficacy of that exhibit as an allocation, the trial court might well find this was not an allocation at all, since plaintiff testified that he called defendant's attention to it and he "told me

to ignore it." There being no proof *contra* on the part of defendant or of anyone having authority to speak for him, we cannot say that the trier of facts was wrong in its findings.

With respect to the many other exhibits of like tenor, we may well agree with the trial judge's characterization that these are "contradictory" and that none "establishes any classification or allocation of relator by respondent within the duties prescribed" by the act.

■ What we said in subdivision 2 of the opinion in the Sime case applies with equal force here and need not be repeated. But what we said in State ex rel. Laurisch v. Pohl, 214 Minn. 221, 227, 8 N. W. (2d) 227, 231, quoting from an early case, State ex rel. Casmey v. Teal, 72 Minn. 37, 39, 74 N. W. 1024, should be:

"Where the duty is judicial and not purely ministerial, mandamus will lie to compel the exercise of official discretion or judgment, but not to direct as to the manner in which the duty shall be performed. In such cases, the function of the writ is merely to set in motion. * * * We think the evidence would justify the conclusion that the respondent has never exercised his judgment or discretion in the matter, but has, in effect, refused to act at all."

Order affirmed.