STATE EX REL. RICHARD F. SPURCK v. CIVIL SERVICE
BOARD AND OTHERS.[1]

May 11, 1950.

No. 34,980.

*Briggs, Gilbert, Morton, Kyle & Macartney,* for appellant (relator below).

*J. A. A. Burnquist,* Attorney General, and *William C. Green,* Special Assistant Attorney General, for respondents.

FRANK T. GALLAGHER, JUSTICE.

Appeal by relator from a judgment of the district court entered pursuant to the mandate handed down by this court on a previous

[1]Reported in 42 N. W. (2d) 729.

appeal (State ex rel. Spurck v. Civil Service Board, 226 Minn. 253, 32 N. W. [2d] 583).

As recited in the companion certiorari case, Spurck v. Civil Service Board, 231 Minn. 183, 42 N. W. (2d) 720, relator brought mandamus in 1944 to compel allocation of his position in the division of social welfare to that of class attorney IV and his reinstatement thereto. On the previous appeal, we decided that relator was entitled to such relief and remanded the case, saying (226 Minn. 265, 32 N. W. [2d] 589):

"The order below should be reversed with directions to enter judgment for relator that he is entitled to a writ of mandamus compelling the state civil service board to allocate him to class attorney IV in accordance with the determination in the certiorari proceeding that he is entitled to such allocation."

Upon remittitur to the trial court, relator moved for vacation of the earlier orders and for a peremptory writ of mandamus, directed to the state civil service board, the director of civil service, the director of the division of social welfare, the state auditor and treasurer, and the state commissioner of administration, to compel them to (1) allocate relator's position to that of class attorney IV, retroactive to April 22, 1939; (2) reinstate relator therein as of that date; (3) take such action within the scope of their respective official duties as might be necessary to compute the salary withheld, less only such amounts as had in fact been paid, and to pay the sum so computed out of such funds as were made available for payment of executive salaries in the division of social welfare; and (4) for an order in connection with framing issues and for such other and further relief as might be necessary to implement the foregoing.

Amended and supplemental returns were made thereto, in which respondents treasurer, auditor, and commissioner of administration put in issue the absence of funds to satisfy relator's claim. After a hearing, the district court made its order for judgment vacating the earlier orders and ordered that a peremptory writ of mandamus

issue directing the civil service board and the director of the division of social welfare to allocate relator's position to that of class attorney IV and to reinstate him therein. Judgment was entered accordingly. In its memorandum, the trial court explained that it considered that the statute vested discretionary powers in the board as to the terms of the reinstatement which it, and not the court, must exercise.

Relator appealed from the judgment entered pursuant to the above order, contending that it was error not to make the writ as broad as his petition.

■ We have decided in the companion certiorari case that the trial court correctly held that the matter of the amount of back pay was to be determined by the civil service board within the discretion conferred by the statute.

It is settled law that mandamus will not lie to direct the manner in which administrative discretion will be exercised. See, State ex rel. Spurck v. Pennebaker, 215 Minn. 79, 9 N. W. (2d) 259; Romsdahl v. Town of Long Lake, 175 Minn. 34, 220 N. W. 166. We conclude that the trial court correctly left this matter to the board and that under the facts and circumstances here the trial court complied with our mandate in State ex rel. Spurck v. Civil Service Board, 226 Minn. 253, 32 N. W. (2d) 583.

■ However, relator contends that respondents have already shown a disposition to use all means at their disposal to avoid performance of their legal duties; that to compel payment of any award the board may make it will be necessary to resort to separate mandamus actions against each of them; that this is an ineffective remedy; and that this court should direct that a writ of mandamus issue compelling all the respondents to take such steps within their official duties as are necessary to effectuate payment of the salary award.

Relator takes the position that the companion certiorari case will finally determine the amount due him, and that under the doctrine of State ex rel. Spurck v. Civil Service Board, 226 Minn. 253, 32

N. W. (2d) 583, our decision therein may be implemented by a modified peremptory writ of mandamus. This we cannot do.

The case before us differs in important particulars from those presented on the previous appeals. There, we held that relator's right to classification and allocation as class attorney IV appeared as a matter of law, but on the record before us we cannot determine the amount of back pay as a matter of law.

Of course, until the board determines such amount, there is no duty on respondent state officers to pay it. This court, in many cases, has reiterated the rule that mandamus lies only to enforce a clear present duty. State ex rel. Fitzgerald v. Foot, 98 Minn. 467, 108 N. W. 932; State ex rel. Ahlstrom v. Bauman, 194 Minn. 439, 260 N. W. 523; Powell v. Township of Carlos, 177 Minn. 372, 225 N. W. 296; International Harvester Co. v. Elsberg, 197 Minn. 360, 268 N. W. 421; Riesenfeld, Bauman, and Maxwell, *Judicial Control of Administrative Action by Means of the Extraordinary Remedies in Minnesota,* 33 Minn. L. Rev. 569, 578-583.

We conclude that it is not proper at this time to issue an order compelling the state officers to pay any award that the board may make, since they have no duty to do so until the award is finally made by the proper authorities. This conclusion is strengthened by the fact that the defense of lack of funds interposed by respondents state auditor, state treasurer, and commissioner of administration was not passed upon by the court below.

It is the position of relator that if funds are now unavailable to satisfy his claim it is because these respondents, in violation of their official duties, have allowed large unexpended and unencumbered balances, otherwise available to the division of social welfare, to revert to the general revenue fund, and that all such funds were encumbered for the purpose of payment of his award, and are still so encumbered.

We do not feel that that matter is properly before us at this time for the reasons hereinbefore stated.

Affirmed.